■ ELEANOR OLSOVI, Respondent, v SALON DEBARNEY, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Pino, J.), dated January 31, 1985, which granted the plaintiff's motion for partial summary judgment on the issue of liability with respect to her strict liability cause of action.

Order reversed, on the law, with costs, and motion denied.

The plaintiff allegedly suffered a loss of hair as a result of the application of a mixture of two different color hair dyes and peroxide to her hair by the owner of the defendant beauty salon during a hair dye treatment. The defendant's owner threw away the bottles of hair dye and did not recall the exact nature of the mixture applied to the plaintiff's hair. The plaintiff seeks recovery for her injuries on the grounds of negligence and strict liability. Special Term granted the plaintiff's motion for partial summary judgment on the issue of

liability with respect to her strict liability cause of action. We reverse.

While there is no question that strict liability for injury due to a defective product may be imposed on a beauty parlor operator *(see, Jerry v Borden Co.,* 45 AD2d 344; *Newmark v Gimbel's, Inc.,* 54 NJ 585, 258 A2d 697), the injured party, in order to prevail under that theory, must prove, *inter alia,* that the allegedly defective product was the cause of the injuries sustained *(see, Jerry v Borden Co., supra,* p 348; *Elliott v Lachance,* 109 NH 481, 256 A2d 153, 156). "The cornerstone rule in products liability is that proof of mere injury furnishes no rational basis for inferring that the product was defective for its intended use" *(Helene Curtis Indus. v Pruitt,* 385 F2d 841, 853, *cert denied* 391 US 913). The plaintiff must demonstrate, at a minimum, that her injuries are the direct result of the products applied to her hair, and that those products are the sole possible cause of those injuries *(see, Cahill v Inecto, Inc.,* 208 App Div 191, 194; *McGuiness v Roux Distrib. Co.,* 19 Misc 2d 956). The plaintiff has presented insufficient proof on this motion for partial summary judgment, and thus, it is a question for a jury whether the allegedly defective products were the cause of her injuries *(see, Freeman v Zirger,* 125 Misc 288). Unless the plaintiff can present actual proof that the proximate cause of her injuries was the application of those products and also establish that fact to the reasonable exclusion of all other possible causes, strict tort liability will not be imposed on the defendant *(see, Ravo v Lido,* 17 AD2d 476, 482, *amended* 18 AD2d 1022). She must come forward with "competent professional testimony" *(McGuiness v Roux Distrib. Co., supra)* which may include, but is not limited to the testimony of a dermatologist *(see, Newmark v Gimbel's, Inc.,* 54 NJ 585, *supra; Stahlberg v Moe,* 283 Minn 78, 166 NW2d 340); beautician *(Katz v Employees Group,* 204 So 2d 695 [La App]); licensed cosmetologist *(Coons v Farrell,* 437 SW2d 674 [Mo App]); chemist *(Cahill v Inecto, Inc., supra; Helene Curtis Indus. v Pruitt, supra);* and the plaintiff's personal physician *(Ravo v Lido, supra; Cahill v Inecto, Inc., supra).* That the physical evidence no longer exists and the defendant's owner does not recall the exact nature of the mixture, while clearly not helpful to the plaintiff's strict liability cause of action, should not, in and of themselves, be dispositive. The defendant's owner knew the manufacturer's formula numbers of the hair dye bottles that she discarded. It is possible that experiments can be conducted on the same types of dyes to ascertain their active ingredients, as well as on mixtures of

those dyes and peroxide, even though the specific products that were used are unavailable *(cf. Helene Curtis Indus. v Pruitt, supra,* p 853, n 9). Mangano, J. P., Bracken, Weinstein, Lawrence and Kooper, JJ., concur.