■ STEVEN SPOONER et al., Respondents, v SEARS, ROEBUCK AND Co., Appellant. (And a Third-Party Action.)—Order of the Supreme Court, Bronx County (Jack Turret, J.), entered on or about September 13, 1989, which denied both the motion by defendant Sears, Roebuck and Co. and cross motion by plaintiffs for summary judgment, is unanimously modified, on the law, to grant defendant's motion for summary judgment dismissing the complaint, and otherwise affirmed, without costs or disbursements.

In 1982, plaintiff Steven Spooner, an employee in the maintenance department of third-party defendant Gracie Square Hospital, was vacuuming sawdust under a Sears 10-inch tablesaw when the blade severed his left thumb. Plaintiff commenced this action alleging negligence, strict products liability and breach of warranty against the defendant.

In making its motion for summary judgment, defendant Sears assumed to be true the allegations by plaintiffs that the saw was improperly designed and contained inadequate warnings. However, plaintiff in his deposition description of the accident admitted that he cleaned the saw without checking to see if the blade had stopped spinning, even though he was completely familiar with the saw and knew the blade did not stop immediately after power for the saw was turned off.

Plaintiff's conduct, therefore, in thrusting his hand into the saw knowing the blade might still be spinning, rather than any defective design or failure to post adequate warnings by the defendant, was the sole, proximate cause of the plaintiff's injuries *(see, Howard v Poseidon Pools,* 72 NY2d 972, 974-975). Concur—Murphy, P. J., Asch, Kassal and Rubin, JJ.