■ NNIKA CLARKE, Respondent, v HELENE CURTIS, INC., Appellant. [742 NYS2d 325] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Schmidt, J.), dated June 5, 2001, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff allegedly developed hidradenitis suppurativa, a dermatologic disease of the sweat glands, after using the defendant's product "Degree" aerosol deodorant. The plaintiff seeks recovery for her injuries on the theory of breach of implied warranty. Following discovery, the defendant moved for summary judgment on the grounds that there was no causal relationship between its product and the plaintiff's disease and that an insignificant number of consumers have suffered adverse reactions to its product. The Supreme Court denied the motion and the defendant appeals. We reverse.

"[W]hether the action is pleaded in strict products liability, breach of warranty or negligence, it is a consumer's burden to show that a defect in the product was a substantial factor in causing the injury" (*Tardella v RJR Nabisco,* 178 AD2d 737; *see Santorelli v Apple & Eve,* 282 AD2d 731, 732). " 'The cornerstone rule in products liability is that proof of mere injury furnishes no rational basis for inferring that the product was defective for its intended use.' * * * The plaintiff must demonstrate, at a minimum, that her injuries are the direct result of the [product] applied * * * and that [the product is] the sole possible cause of those injuries" (*Olsovi v Salon De-*

*Barney,* 118 AD2d 839, 840, quoting *Helene Curtis Indus. v Pruitt,* 385 F2d 841, 853 [5th Cir], *cert denied* 391 US 913).

The defendant established its prima facie entitlement to summary judgment by demonstrating that there was no causal relationship between its product and the plaintiff's disease, an essential element of the cause of action to recover damages for breach of implied warranty (*see Villariny v Aveda Corp.,* 264 AD2d 415, 416; *Kracker v Spartan Chem. Co.,* 183 AD2d 810, 811; *Olsovi v Salon DeBarney, supra; Finkelstein v Chevron Chem. Co.,* 60 AD2d 640, 641). The plaintiff's evidence in opposition failed to raise a triable issue of fact on causal relationship. The opinion of the plaintiff's expert physician, a general practitioner, that the plaintiff's disease was triggered by her use of the defendant's product, was speculative and conclusory, and was "devoid of any reference to a foundational scientific basis" (*Romano v Stanley,* 90 NY2d 444, 452). The only other evidence submitted by the plaintiff consisted of the content of certain medical texts contained in the affirmation of her attorney, which constituted inadmissible hearsay (*see Sperin v Good Samaritan Hosp.,* 250 AD2d 755; *Winant v Carras,* 208 AD2d 618, 619) and was, therefore, insufficient to defeat the defendant's summary judgment motion (*see Zuckerman v City of New York,* 49 NY2d 557, 562). In addition, the speculative assertion of the plaintiff's attorney that there may be large numbers of other consumers who have had adverse reactions to the defendant's product but who never complained was insufficient to rebut the defendant's showing that an insubstantial number of consumers have complained of skin reactions to its product (*cf. Hafner v Guerlain,* 34 AD2d 162, 164; *Kaempfe v Lehn & Fink Prods. Corp.,* 21 AD2d 197, 200, *affd* 20 NY2d 818). Consequently, the Supreme Court erred in denying the defendant's summary judgment motion. O'Brien, J.P., Friedmann, H. Miller and Crane, JJ., concur.