■ PATRICIA STANTON, Appellant, v TOWN OF OYSTER BAY et al., Respondents. [769 NYS2d 383]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCaffrey, J.), entered June 13, 2002, which granted the defendants' separate motions, inter alia, for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff allegedly sustained injuries when she slipped and fell while descending a ramp leading from a sidewalk to a body of water located in the Village of Sea Cliff and the Town of

Oyster Bay. At her deposition, the plaintiff acknowledged that she knew that the lower portion of the ramp was regularly submerged in sea water during high tide. Moreover, photographs submitted to the Supreme Court illustrated that the lower portion of the ramp was visibly water-stained, and was covered with patches of a bright green, moss-like substance. The Supreme Court granted the defendants' separate motions, inter alia, for summary judgment. We affirm.

It is well established that landowners are not obligated to warn against conditions on the land that could be readily observed by the use of one's senses (*see Cupo v Karfunkel,* 2 AD3d 48 [2003]; *DeLaurentis v Marx Realty & Improvement,* 300 AD2d 343 [2002]; *Moriello v Stormville Airport Antique Show & Flea Mkt.,* 271 AD2d 664 [2000]). Moreover, landowners will not be held liable for injuries arising from a condition on the property that is inherent or incidental to the nature of the property, and that could be reasonably anticipated by those using it (*see Csukardi v Bishop McDonnell Camp,* 148 AD2d 657 [1989]; *see also Nardi v Crowley Mar. Assoc.,* 292 AD2d 577 [2002]). Here, the slippery state of the ramp was such a condition. Accordingly, the Supreme Court properly granted the defendants' separate motions, inter alia, for summary judgment. Florio, J.P., Friedmann, Townes and Mastro, JJ., concur.