PROGRESSIVE NORTHEASTERN INSURANCE COMPANY, as Subrogee of THERESA IACONA, Respondent, v TOWN OF OYSTER BAY, Appellant. [835 NYS2d 406]—

In a subrogation action to recover insurance benefits paid to the plaintiff's insured, the defendant appeals from an order of the Supreme Court, Nassau County (Jaeger, J.), dated May 22, 2006, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The vehicle of the plaintiff's insured allegedly sustained a total loss when it slid into the water from an inclined boat ramp in a park owned by the defendant. The plaintiff contends, inter alia, that the defendant failed to establish, as a matter of law, that it fulfilled its duties to keep the boat ramp in a reasonably safe condition, and to warn against any allegedly dangerous condition.

At his deposition, the husband of the plaintiff's insured, who was operating the vehicle at the time of the accident, testified that after he put the vehicle "in park" on the boat ramp, as he was attempting to launch his boat from a trailer attached to the vehicle, the vehicle slid back into the water. The plaintiff contends that the vehicle slipped because of the presence of seaweed or algae on the ramp. The husband of the plaintiff's insured testified that immediately after the car started to slide back into the water, he saw the "algae and growth," which he described as "slippery, greenish-brown growth, marine growth," that one usually sees growing in the water on the boat ramp.

The defendant established its prima facie entitlement to summary judgment by demonstrating that the allegedly slippery condition of the subject boat ramp was inherent or incidental to the nature of the property and could be reasonably anticipated by those using it (*see Torres v State of New York*, 18 AD3d 739 [2005]; *Mazzola v Mazzola*, 16 AD3d 629, 630 [2005]; *Stanton v Town of Oyster Bay*, 2 AD3d 835, 836 [2003]; *Nardi v Crowley Mar. Assoc.*, 292 AD2d 577, 577-578 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Mazzola v Mazzola, supra*).

The plaintiff's remaining contentions are without merit.

Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted. Spolzino, J.P., Krausman, Skelos and Dickerson, JJ., concur.