MICHAEL RIZZO et al., Appellants, v SHERWIN-WILLIAMS COMPANY et al., Respondents. [854 NYS2d 216]—

The plaintiff Michael Rizzo was seriously injured when he hit his head on the bottom of a four-foot-deep swimming pool at the home of his sister, the defendant Melody Velie, and her husband, the defendant Alan Velie (hereinafter the homeowners). Rizzo recalled walking across the deck toward the swimming pool, but did not remember anything thereafter until he awoke, four weeks later, in the hospital. One witness testified at a deposition that he watched Rizzo stride across the deck in three large steps on the tips of his feet. When Rizzo was approximately six inches from the edge of the pool, his left foot came down on his third step and slid forward. The witness described the manner in which Rizzo then entered the pool as akin to tripping.

Approximately one month prior to the accident, the homeowners applied Thompson's Company Water Seal Wood Protector Clear Preservative (hereinafter Wood Protector) to their deck; a similar application had been made the prior year. The plaintiffs commenced this action against the Sherwin-Williams Company, Thompson's Company, and Home Depot U.S.A., Inc. (hereinafter collectively the corporate defendants), alleging causes of action in strict products liability, breach of warranties, and negligence, and against the homeowners, alleging negligence. The plaintiffs alleged that the Wood Protector made the deck more slippery when wet.

"Whether the action is pleaded in strict products liability, breach of warranty or negligence, it is a consumer's burden to show that a defect in the product was a substantial factor in causing the injury" (*Clarke v Helene Curtis, Inc.*, 293 AD2d 701 [2002], quoting *Tardella v RJR Nabisco*, 178 AD2d 737 [1991]). In opposition to the corporate defendants' prima facie showing of entitlement to summary judgment, the plaintiffs failed to adduce any evidence of a causal relationship between the Wood Protector and Rizzo's fall into the pool (*see Gonzalez v 98 Mag Leasing Corp.*, 95 NY2d 124, 129 [2000]; *Clarke v Helene Curtis, Inc.*, 293 AD2d 701, 702 [2002]). All of the many deponents who were at the homeowners' home on the day of the accident, including Rizzo, said that although the deck was wet from rain and from people splashing in the pool, they had not slipped or seen anyone slip. Rizzo stated that he had been in the pool 20 or 30 times before the day of his accident and had never had any trouble walking on the deck.

The opinions of the plaintiffs' experts did not raise a triable issue of fact as to whether the deck was slippery. William Marletta did not identify the basis for the 0.5 coefficient-of-friction value he utilized as a standard, or demonstrate that the testing he performed sufficiently replicated the conditions of the homeowner's deck to be probative (*see Sarmiento v C & E Assoc.,* 40 AD3d 524, 526 [2007]; *Jenkins v New York City Hous. Auth.,* 11 AD3d 358, 360 [2004]). The product tested by Steven Lerman contained a formula different from the formula applied by the homeowners. His reference to "long lasting" is merely a general statement about oil as compared to "mineral spirits" and his statements in reference to an all-purpose waterproofer product do not relate to the Wood Protector used by the homeowners. Furthermore, both experts based their opinions that the Wood Protector would make the wood slippery when wet on the "well known" fact that oil can rise above water and could become slippery. Expert opinions based on speculative and conclusory assertions are insufficient to defeat a motion for summary judgment (*see Gonzalez v 98 Mag Leasing Corp.,* 95 NY2d 124, 129 [2000]; *Hartman v Mountain Val. Brew Pub,* 301 AD2d 570, 571 [2003]).

Furthermore, a slippery condition at the edge of a swimming pool is necessarily incidental to its use, and the homeowners cannot be held liable for the purportedly slippery condition (*see Martinez v City of New York,* 276 AD2d 756, 757 [2000]; *Valdez v City of New York,* 148 AD2d 697, 698 [1989]; *Sciarello v Coast Holding Co., Inc.,* 242 App Div 802 [1934] *affd* 267 NY 585 [1935]).

Finally, the Supreme Court properly denied the plaintiffs' motion to compel discovery related to other Thompson's Company Water Seal products, as the plaintiffs failed to make a threshold showing of relevance, or that the formula of those products was sufficiently similar in design to sustain the disclosure sought (*see Cirineo v Pepsi Cola Bottling Co. of N.Y.,* 260 AD2d 341 [1999]). Ritter, J.P., Miller, Dillon and Angiolillo, JJ., concur.