JACKSON R. GROOM, Appellant, v VILLAGE OF SEA CLIFF et al., Respondents. [857 NYS2d 646]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by the brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), entered February 8, 2007, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's minor child climbed on to a moss-covered portion of a concrete groin at the Sea Cliff Beach and fell. "A landowner has a duty to exercise reasonable care in maintaining [its] property in a safe condition under all of the circumstances, including the likelihood of injury to others, the seriousness of the potential injuries, the burden of avoiding the risk, and the foreseeability of a potential plaintiff's presence on the property" (*Kurshals v Connetquot Cent. School Dist.*, 227 AD3d 593, 593 [1996]; *see Basso v Miller*, 40 NY2d 233 [1976]; *Doyle v State of New York*, 271 AD2d 394 [2000]). However, a landowner has no duty to protect or warn against an open and obvious condition that is inherent or incidental to the nature of the property, and that could be reasonably anticipated by those using it (*see Progressive Northeastern Ins. Co. v Town of Oyster Bay*, 40 AD3d

612 [2007]; *Stanton v Town of Oyster Bay*, 2 AD3d 835 [2003]; *Nardi v Crowley Mar. Assoc.*, 292 AD2d 577 [2002]; *see also Mazzola v Mazzola*, 16 AD3d 629 [2005]; *DeLaurentis v Marx Realty & Improvement*, 300 AD2d 343 [2002]; *Moriello v Stormville Airport Antique Show & Flea Mkt.*, 271 AD2d 664 [2000]). Here, the defendants established their entitlement to summary judgment by demonstrating that the allegedly slippery condition of the concrete groin was open and obvious and inherent or incidental to the nature of the property and could be reasonably anticipated by those using it (*see Progressive Northeastern Ins. Co. v Town of Oyster Bay*, 40 AD3d 612 [2007]; *Stanton v Town of Oyster Bay*, 2 AD3d 835 [2003]; *Nardi v Crowley Mar. Assoc.*, 292 AD2d 577 [2002]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Mastro, J.P., Ritter, Carni and Eng, JJ., concur.