■ CLAUDETTE BECKFORD, Appellant, v PANTRESSE, INC., Respondent, et al., Defendants. [858 NYS2d 794]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated December 1, 2006, which granted the motion of the defendant Pantresse, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the motion of the defendant Pantresse, Inc. (hereinafter Pantresse), for summary judgment dismissing the complaint insofar as asserted against it. Whether the action is pleaded in strict products liability, breach of warranty, or negligence, the consumer has the burden of showing that a defect in the product was a substantial factor in causing the injury (*see Clarke v Helene Curtis, Inc.*, 293 AD2d 701 [2002]; *Tardella v RJR Nabisco*, 178 AD2d 737 [1991]) and "proof of mere injury furnishes no rational basis for inferring that the product was defective for its intended use . . . The plaintiff must demonstrate, at a minimum, that her [or his] injuries are the direct result of the [product] applied . . . and that [the product is] the sole possible cause of those injuries" (*Clarke v Helene Curtis, Inc.*, 293 AD2d 701, 701-702 [2002] [citations omitted]).

In opposition to Pantresse's prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). To support her claim that she developed a severe allergic reaction to Pantresse's hair conditioner Aphogee, the plaintiff relied on the deposition testimony of her hairdresser that she had used Aphogee along with two other products whose names she could not remember. The hairdresser said that she previously had used Aphogee on the plaintiff's hair without incident. This, along with the conclusory medical proof relied upon by the plaintiff, failed to raise a triable issue of fact regarding the causal relationship between Pantresse's hair product and the plaintiff's condition (*see Clarke v Helene Curtis, Inc.*, 293 AD2d at 702; *Villariny v Aveda Corp.*, 264 AD2d 415, 416 [1999]; *Kracker v Spartan Chem. Co.*, 183 AD2d 810, 812 [1992]). Rivera, J.P., Covello, Angiolillo and McCarthy, JJ., concur. [*See* 13 Misc 3d 1245(A), 2006 NY Slip Op 52350(U).]