516

■ Rosa Garcia et al., Appellants, v Woodgrove Sales, Inc., et al., Defendants, and Pride Solvents & Chemical Co. of N.Y., Inc., Also Known as Pride Solvents & Chemical Co., Inc., Respondent. (And Other Titles.) [882 NYS2d 917]—

In an action, inter alia, to recover damages for personal injuries, etc., based on strict products liability, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated August 15, 2008, as granted those branches of the motion of the defendant Pride Solvents & Chemical Co. of N.Y., Inc., also known as Pride Solvents & Chemical Co., Inc., which were for summary judgment dismissing the causes of action alleging failure to warn and breach of warranty insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the respondent's motion which were for summary judgment dismissing the causes of action alleging failure to warn and breach of warranty insofar as asserted against it are denied.

The plaintiff Rose Garcia alleges that she was injured when a cleaning liquid manufactured by the defendant Pride Solvents & Chemical Co. of N.Y., Inc., also known as Pride Solvents & Chemical Co., Inc. (hereinafter Pride), caught fire. The vapors of the cleaning liquid ignited upon coming into contact with a flame within a hot water heater. The plaintiffs commenced this action against, among others, Pride. Pride moved for summary judgment dismissing the complaint insofar as asserted against it, and the motion was granted.

The Supreme Court erred in granting those branches of Pride's motion which were for summary judgment dismissing the plaintiffs' causes of action alleging failure to warn and breach of warranty. Pride demonstrated its prima facie entitlement to judgment as a matter of law on those causes of action. However, in opposition, the plaintiffs' experts raised triable issues of fact as to the adequacy of the warning label on the cleaning liquid, which indicated that it was only slightly flammable (*see DiMura v City of Albany*, 239 AD2d 828, 829 [1997]; *Johnson*

*v Johnson Chem. Co.*, 183 AD2d 64, 69 [1992]), and as to whether the cleaning liquid was reasonably fit for its intended purpose (*see Denny v Ford Motor Co.*, 87 NY2d 248 [1995]; *Wojcik v Empire Forklift, Inc.*, 14 AD3d 63 [2004]). The plaintiffs also raised triable issues of fact as to whether the warning label, if inadequate, was a proximate cause of the accident, and as to whether the cleaning liquid was being used in a reasonably foreseeable manner at the time of the incident (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]).

Pride's remaining contentions are without merit. Skelos, J.P., Angiolillo, Balkin and Belen, JJ., concur.