◼ MARY T. FAHEY, Individually and as Administratrix of the Estate of BRIAN D. FAHEY, Deceased, et al., Appellants, v A.O. SMITH CORPORATION, Respondent, and RANDALL GORDON, Also Known as RANDY GORDON, et al., Appellants. (Action No. 1.) PATRICK BAKER et al., Appellants, v LONG ISLAND GENERAL SUPPLY CO., INC., et al., Appellants, et al., Respondent. (Action No. 2.) BRIAN HARDY et al., Appellants, v LONG ISLAND GENERAL SUPPLY CO., INC., et al., Appellants, et al., Respondent. (Action No. 3.) [908 NYS2d 719]—

In three related actions to recover damages for personal injuries and wrongful death, etc., (1) the plaintiffs in action No.

1 appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), entered November 25, 2008, as granted that branch of the motion of the defendant A.O. Smith Corporation which was for summary judgment dismissing the complaint in action No. 1 insofar as asserted against that defendant, and the defendants Randall Gordon, also known as Randy Gordon, and Robin Gordon separately appeal, as limited by their brief, from so much of the same order as granted that branch of the motion of the defendant A.O. Smith Corporation which was for summary judgment dismissing all cross claims in action No. 1 insofar as asserted against that defendant, (2) the plaintiffs in action No. 2 appeal, as limited by their brief, from so much of an order of the same court entered November 26, 2008, as granted that branch of the motion of the defendant A.O. Smith Corporation which was for summary judgment dismissing the complaint in action No. 2 insofar as asserted against that defendant, and the defendants Long Island General Supply Co., Inc., Alec Gordon, Pearl Gordon, Randall Gordon, also known as Randy Gordon, and Robin Gordon separately appeal, as limited by their brief, from so much of the same order as granted that branch of the motion of the defendant A.O. Smith Corporation which was for summary judgment dismissing all cross claims in action No. 2 insofar as asserted against that defendant, and (3) the plaintiffs in action No. 3 appeal, as limited by their brief, from so much of an order of the same court, also entered November 25, 2006, as granted that branch of the motion of the defendant A.O. Smith Corporation which was for summary judgment dismissing the complaint in action No. 3 insofar as asserted against that defendant, and the defendants Long Island General Supply Co., Inc., Alec Gordon, Pearl Gordon, Randall Gordon, also known as Randy Gordon, and Robin Gordon separately appeal, as limited by their brief, from so much of the same order as granted that branch of the motion of the defendant A.O. Smith Corporation which was for summary judgment dismissing all cross claims in action No. 3 insofar as asserted against that defendant.

Ordered that the order entered in action No. 1 is modified, on the law, by deleting the provision thereof granting those branches of the motion of the defendant A.O. Smith Corporation which were for summary judgment dismissing all causes of action and cross claims insofar as asserted against it in that action except those claims asserted pursuant to General Municipal Law § 205-a insofar as asserted against it, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed; and it is further,

Ordered that the order entered in action No. 2 is modified, on the law, by deleting the provision thereof granting those branches of the motion of the defendant A.O. Smith Corporation which were for summary judgment dismissing all causes of action and cross claims insofar as asserted against it in that action except those claims asserted pursuant to General Municipal Law § 205-a insofar as asserted against it, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed; and it is further,

Ordered that the order entered in action No. 3 is modified, on the law, by deleting the provision thereof granting those branches of the motion of the defendant A.O. Smith Corporation which were for summary judgment dismissing all causes of action and cross claims insofar as asserted against it in that action except those claims asserted pursuant to General Municipal Law § 205-a insofar as asserted against it, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the appellants, appearing separately and filing separate briefs.

These three related actions arise from a fire and explosion in a hardware store in Astoria, Queens, on June 17, 2001. The plaintiffs are firefighters who were injured in the explosion, their spouses, and the administrators of the estates of firefighters who perished in the explosion. The defendants include the owners of the hardware store (hereinafter the Gordon defendants) and A.O. Smith Corporation (hereinafter A.O. Smith), the manufacturer of a hot water heater. The fire allegedly started when a person not a party to these actions accidentally spilled a container of gasoline outside the store, the gasoline flowed under a door into the basement, and the vapors were allegedly ignited by the pilot light in the hot water heater. Several minutes later, after the firefighters had arrived, an explosion occurred, killing three firefighters and injuring several others.

As against A.O. Smith, the plaintiffs and the Gordon defendants assert a variety of theories of liability, including negligence, breach of implied and express warranty, and strict products liability, premised upon their allegation that the defective design of the hot water heater and its pilot light caused the gasoline vapors to ignite. They also assert causes of action pursuant to General Municipal Law § 205-a premised upon A.O. Smith's alleged violation of the implied warranty of merchantability imposed by UCC 2-314. A.O. Smith moved for summary judgment dismissing the complaints and all cross claims insofar as asserted against it. In the three orders under review, the

Supreme Court granted A.O. Smith's motions, finding that even if the pilot light of the water heater ignited the gas vapors, the alleged design defect was not a proximate cause of the firefighters' injuries due to the intervening negligence of the Gordon defendants which broke the causal nexus. Further, with respect to the causes of action and cross claims asserted pursuant to General Municipal Law § 205-a, the Supreme Court held that a violation of UCC 2-314 is not a proper predicate to support those claims. We determine that the Supreme Court properly dismissed the causes of action and cross claims asserted pursuant to General Municipal Law § 205-a insofar as asserted against A.O. Smith, but that the remaining causes of action and cross claims should not have been dismissed, and we modify the orders accordingly.

Initially, a triable issue of fact was raised with respect to the existence of a design defect in the water heater. In support of its motion, A.O. Smith submitted evidence that the water heater complied with industry standards and carried adequate warnings of the ignition hazard from flammable vapors. In opposition, the plaintiffs and the Gordon defendants raised a triable issue of fact as to the existence of a design defect by submitting evidence that the water heater was not reasonably safe and that alternative, safer designs were available at the time of its manufacture, such as a direct vent system, or a design which used a vertical barrier or an 18-inch stand (*see Sugrim v Ryobi Tech., Inc.*, 73 AD3d 904, 905 [2010]; *Wengenroth v Formula Equip. Leasing, Inc.*, 11 AD3d 677, 680 [2004]; *see generally Denny v Ford Motor Co.*, 87 NY2d 248, 256-259 [1995]).

Whether an action is pleaded in strict products liability, breach of warranty, or negligence, the plaintiffs must prove that the alleged defect is a substantial cause of the events which produced the injury (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]; *Beckford v Pantresse, Inc.*, 51 AD3d 958, 959 [2008]). A.O. Smith sought to establish that its water heater was not a substantial cause by submitting evidence that a gas-fired boiler with a pilot light was also in the vicinity of the gasoline spill. In opposition, the plaintiffs and the Gordon defendants submitted evidence that A.O. Smith's water heater was the likely source of ignition based upon an analysis of the comparatively safe design of the boiler and its pilot light. Thus, a triable issue of fact was raised as to whether A.O. Smith's water heater was a substantial cause of the fire.

A.O. Smith contends, however, that any causal nexus between the alleged design defect and the plaintiffs' injuries was severed by the intervening negligence of the Gordon defendants. In sup-

port of this contention, A.O. Smith submitted evidence that, when the firefighters opened windows to enter the basement, a severe backdraft explosion occurred due to the negligent acts and omissions of the Gordon defendants, including their storage of large amounts of flammable substances in the basement, the absence of an automatic fire suppression system, and a fire door which had been wedged open intentionally.

"Defendants are liable for all normal and foreseeable consequences of their acts," and the plaintiffs "need not demonstrate that the precise manner in which the accident happened or the injuries occurred was foreseeable" (*Gordon v Eastern Ry. Supply*, 82 NY2d 555, 562 [1993]; *see Derdiarian v Felix Contr. Corp.*, 51 NY2d at 315). An intervening act constitutes a superseding cause sufficient to relieve a defendant of liability if it is "extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from the defendant's conduct" (*Derdiarian v Felix Contr. Corp.*, 51 NY2d at 315; *see Gordon v Eastern Ry. Supply*, 82 NY2d at 562). The causal link may also be severed when "the intervening act was divorced from and not the foreseeable risk associated with the original negligence," or if the defendant's act "merely furnished the occasion for an unrelated act to cause injuries not ordinarily anticipated" (*Derdiarian v Felix Contr. Corp.*, 51 NY2d at 316). Questions concerning what is foreseeable are usually for the trier of fact (*id.* at 315; *see Lapidus v State of New York*, 57 AD3d 83, 95 [2008]).

Here, A.O. Smith failed to demonstrate the absence of any triable issue of fact as to whether injury from an explosion was a foreseeable consequence of its conduct. The backdraft explosion cannot be divorced from the alleged design defect, which created a risk of fire or explosion from flammable substances. Further, on this record, it cannot be said, as a matter of law, that the alleged negligence of the Gordon defendants was of such an extraordinary nature that it was not foreseeable in the normal course of events or that it so attenuated A.O. Smith's conduct from the ultimate injuries as to constitute a superseding cause absolving A.O. Smith from liability (*see Grossi v Sylak*, 72 AD3d 895 [2010]; *Lapidus v State of New York*, 57 AD3d at 96-97). Accordingly, the Supreme Court improperly dismissed the causes of action and cross claims based upon the alleged design defect insofar as asserted against A.O. Smith.

We conclude, however, that the Supreme Court properly dismissed the causes of action and cross claims asserted pursuant to General Municipal Law § 205-a. That section provides an injured firefighter with a cause of action to recover damages

from any person who, "at the time of such injury," is guilty of the negligent or willful failure to comply with, inter alia, "any" statute (General Municipal Law § 205-a [1]). Despite this broad language, the cause of action does not encompass "any" statute, but only those founded in *well-developed bodies of law and regulation* which *impose clear duties*" (*Desmond v City of New York*, 88 NY2d 455, 464 [1996] [internal quotation marks omitted]; *see Galapo v City of New York*, 95 NY2d 568, 574 [2000]). The plaintiff must demonstrate that the statutory violation "directly or indirectly has a reasonable connection to the firefighter's described injury" (*Cusumano v City of New York*, 63 AD3d 5, 8 [2009]; *see Giuffrida v Citibank Corp.*, 100 NY2d 72, 80-81 [2003]).

Here, the plaintiffs premise their causes of action pursuant to General Municipal Law § 205-a upon A.O. Smith's alleged violation of UCC 2-314. That section provides that a seller impliedly warrants that the goods "are fit for the intended purpose for which they are used and that they will pass in the trade without objection" (*Wojcik v Empire Forklift, Inc.*, 14 AD3d 63, 66 [2004] [internal quotation marks omitted]; *see Denny v Ford Motor Co.*, 87 NY2d at 258; *Garcia v Woodgrove Sales, Inc.*, 65 AD3d 516, 516-517 [2009]). UCC 2-314 and 2-316 expressly allow for the exclusion or modification of the implied warranty of merchantability by contract language or certain conduct. The "defect" element in a breach of implied warranty claim under the UCC is premised on contract principles and focuses on the purchaser's disappointed expectations, while the "defect" element in a strict products liability claim is based upon tort principles concerned with social policy and risk allocation (*see Denny v Ford Motor Co.*, 87 NY2d at 256-259; *Garcia v Woodgrove Sales, Inc.*, 65 AD3d at 516-517). Analysis of a violation of UCC 2-314, therefore, involves fact issues, often complex, regarding the suitability of the product for its intended use and the reasonable expectations of the purchaser (*see e.g. Denny v Ford Motor Co.*, 87 NY2d at 256-259; *Garcia v Woodgrove Sales, Inc.*, 65 AD3d at 516-517; *Wojcik v Empire Forklift, Inc.*, 14 AD3d at 66-67). Accordingly, the Supreme Court correctly determined that UCC 2-314 does not prescribe the performance or nonperformance of a specific act by the seller or impose the type of clear legal duty necessary to support a claim asserted pursuant to General Municipal Law § 205-a (*see Galapo v City of New York*, 95 NY2d 568, 574 [2000]).

A.O. Smith's remaining contention that the complaint should have been dismissed on the ground of spoliation of evidence is without merit (*see Awon v Harran Transp. Co., Inc.*, 69 AD3d

889, 890 [2010]; *Favish v Tepler*, 294 AD2d 396 [2002]). Skelos, J.P., Angiolillo, Hall and Lott, JJ., concur.