■ MICHAEL P. MOSSBERG, Respondent, v CROW'S NEST MARINA OF OCEANSIDE, Doing Business as CROW'S NEST MARINA, Appellant. [10 NYS3d 319]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Bruno, J.), entered March 4, 2014, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff, an experienced boatman, allegedly sustained personal injuries when he slipped and fell into the water while disembarking from a friend's sailboat. He commenced the instant action against the defendant, the owner of the adjacent dock. According to the plaintiff, he fell into a "gap" between the boat and the dock. At his deposition, the plaintiff testified that, when he was stepping onto the dock, "the dock looked shiny" and "[i]t could have been wet," although "it wasn't probably" wet. In a later affidavit, the plaintiff stated that "[t]he only reason I fell was that the dock was slippery." The defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the defendant's motion. We reverse.

"A landowner has a duty to exercise reasonable care in maintaining [its] property in a safe condition under all of the circumstances, including the likelihood of injury to others, the seriousness of the potential injuries, the burden of avoiding the risk, and the foreseeability of a potential plaintiff's presence on the property" (*Groom v Village of Sea Cliff*, 50 AD3d 1094, 1094 [2008] [internal quotation marks omitted]; *see Basso v Miller*, 40 NY2d 233, 241 [1976]). Here, the defendant met its prima facie burden of establishing its entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Progressive Northeastern Ins. Co. v Town of Oyster Bay*, 40 AD3d 612, 613 [2007]). "[A] landowner has no duty to protect or warn against an open and obvious condition that is inherent or incidental to the nature of the property, and that could be reasonably anticipated by those using it" (*Groom v Village of Sea Cliff*, 50 AD3d at 1094; *see Pro-*

*gressive Northeastern Ins. Co. v Town of Oyster Bay*, 40 AD3d at 613; *Stanton v Town of Oyster Bay*, 2 AD3d 835, 836 [2003]). A slippery condition on a dock is necessarily incidental to its nature and location near a body of water (*see Rizzo v Sherwin-Williams Co.*, 49 AD3d 847, 849 [2008]).

In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit of the plaintiff's expert was speculative, conclusory, and insufficient to defeat the defendant's motion for summary judgment (*see Gonzalez v 98 Mag Leasing Corp.*, 95 NY2d 124, 129 [2000]; *Lopez v Retail Prop. Trust*, 118 AD3d 676 [2014]; *Rizzo v Sherwin-Williams Co.*, 49 AD3d at 849). That expert's inspection of the defendant's dock was conducted seven months after the subject accident. There is no showing that the alleged area tested by the expert was in the same condition as it was on the date of the accident. Further, the expert failed to identify the basis for his "coefficient of friction value," which he apparently utilized as a standard to arrive at certain conclusions (*see Sarmiento v C & E Assoc.*, 40 AD3d 524, 526 [2007]; *Jenkins v New York City Hous. Auth.*, 11 AD3d 358, 360 [2004]). Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Dickerson, Cohen and Barros, JJ., concur.