Conte v Orion Bus Indus., Inc. (2018 NY Slip Op 03962)





Conte v Orion Bus Indus., Inc.


2018 NY Slip Op 03962


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2015-07946
 (Index No. 24491/11)

[*1]James Conte, appellant, 
v
Orion Bus Industries, Inc., et al., respondents.


Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for appellant.
Skarzynski Black, LLC, New York, NY (Thomas H. Celilli III and Paul V. Miletic of counsel), for respondents Orion Bus Industries, Inc., and Daimler Buses North America, Inc.
Andrea G. Sawyers, Melville, NY (David R. Holland of counsel), for respondents Lift-U, Lift-U A Division of Hogan Mfg., Inc., and Hogan Mfg., Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered June 18, 2015, as granted those branches of the motion of the defendants Lift-U, Lift-U A Division of Hogan Mfg., Inc., and Hogan Mfg., Inc., and the separate motion of the defendants Orion Bus Industries, Inc., and Daimler Buses North America, Inc., which were for summary judgment dismissing the cause of action alleging strict products liability premised on a design defect insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
On October 30, 2008, the plaintiff, a bus driver for MTA Long Island Transit (hereinafter the MTA), was assigned to operate an Orion V bus equipped with a wheelchair lift. The lift was located under the steps to the rear entry of the bus. The wheelchair lift had a barrier on the outside edge that prevented occupants from falling out when the lift was in use. The lift could not be properly raised and stored on the bus unless the outer barrier was in a vertical position, and the bus would not operate until the lift was properly raised and stored.
According to the plaintiff, prior to the start of his shift and immediately before the happening of the alleged accident, upon discovering that the bus would not start, he activated a switch inside the bus to deploy the wheelchair lift. The lift deployed and reached the ground, with the outer barrier leveling to the ground. When the plaintiff tried to retract the lift, the outer barrier did not rise to a vertical position. Instead, it stopped approximately 1½ feet off the ground. In an effort to push the partially raised outer barrier with his feet, the plaintiff stepped over the barrier several times. The plaintiff allegedly was injured when he tripped and fell over the outer barrier while it was in that partially raised position.
The defendants Orion Bus Industries, Inc., and Daimler Buses North America, Inc. (hereinafter together the Daimler defendants), designed and manufactured the Orion V bus, which Daimler Buses North America, Inc., sold to the MTA in 2000. The defendants Lift-U, Lift-U A Division of Hogan Mfg., Inc., and Hogan Mfg., Inc. (hereinafter collectively the Hogan defendants), inter alia, designed the allegedly malfunctioning wheelchair lift.
The plaintiff commenced this action asserting, among other things, a cause of action alleging strict products liability. The complaint alleged, inter alia, that the wheelchair lift was defectively designed. Following discovery, the Daimler defendants and the Hogan defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court, inter alia, granted those branches of their respective motions which were for summary judgment dismissing the strict products liability cause of action premised on a design defect.
A defectively designed product is one that " is in a condition not reasonably contemplated by the ultimate consumer and is unreasonably dangerous for its intended use'" (Voss v Black & Decker Mfg. Co., 59 NY2d 102, 107, quoting Robinson v Reed-Prentice Div. of Package Mach. Co., 49 NY2d 471, 479). To recover on this basis, a plaintiff must establish that the product, as designed, must have been a substantial factor in causing an injury and "the product must have been used for the purpose and in the manner normally intended or in a manner reasonably foreseeable" (Amatulli v Delhi Constr. Corp., 77 NY2d 525, 532).
"Whether the action is pleaded in strict products liability, breach of warranty, or negligence, the [plaintiff] has the burden of showing that a defect in the product was a substantial factor in causing the injury" (Beckford v Pantresse, Inc., 51 AD3d 958, 959; see Derdirian v Felix Contr. Corp., 51 NY2d 308, 315). "Summary judgment in a strict products liability case may be granted [to a defendant] on the basis of [a] plaintiff's conduct when the plaintiff's actions constituted the sole proximate cause' of his or her injuries" (Yun Tung Chow v Reckitt & Colman, Inc., 17 NY3d 29, 34, quoting Amatulli v Delhi Constr. Corp., 77 NY2d at 534) or where the plaintiff's actions were "an unforeseeable superseding event, sufficient to break the causal chain and thus absolve the defendant of liability" (Amatulli v Delhi Constr. Corp., 77 NY2d at 534; see Kriz v Schum, 75 NY2d 25, 36-37).
Here, contrary to the plaintiff's contention, the Hogan defendants and the Daimler defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the wheelchair lift was not unreasonably dangerous for its intended use or otherwise defectively designed (see Yun Tung Chow v Reckitt & Colman, Inc., 17 NY3d at 31; Moseley v Philip Howard Apts. Tenants Corp., 134 AD3d 785, 786; Pierre-Louis v DeLonghi Am., Inc., 66 AD3d 859, 861; Wengenroth v Formula Equip. Leasing, Inc., 11 AD3d 677, 679), and that the sole proximate cause of the plaintiff's injuries was the plaintiff's own conduct in attempting to step over the outer barrier, which he knew was partially raised and over which he stepped several times before he tripped and fell (see Riccio v Kid Fit, Inc., 126 AD3d 873, 873; Isselbacher v Larry Lopez Truck Equip. Mfg. Co., 66 AD3d 840, 841; Bruno v Thermo King Corp., 66 AD3d 727, 729; Spooner v Sears, Roebuck & Co., 161 AD2d 103, 103). In opposition, the plaintiff failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320). Accordingly, the Supreme Court properly granted those branches of the defendants' separate motions which were for summary judgment dismissing the strict products liability cause of action premised on a design defect insofar as asserted against each of them.
DILLON, J.P., LEVENTHAL, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court