Abraham v Consolidated Edison Co. of N.Y., Inc. (2018 NY Slip Op 04517)





Abraham v Consolidated Edison Co. of N.Y., Inc.


2018 NY Slip Op 04517


Decided on June 19, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2018

Friedman, J.P., Sweeny, Webber, Kahn, Oing, JJ.


6919 158515/13

[*1]Lauren Abraham, etc., et al., Plaintiffs-Appellants,
v
Consolidated Edison Company of New York, Inc., et al., Defendants-Respondents, John Doe, et al., Defendants.


Wigdor LLP, New York (Bryan Arbeit of counsel), for appellants.
Davis Polk & Wardwell LLP, New York (Frances E. Bivens of counsel), for respondents.



Order, Supreme Court, New York County (James E. d'Auguste, J.), entered September 13, 2017, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The decedent was killed during Superstorm Sandy when she twice ventured outside her home to photograph downed power lines, and was electrocuted when one of the lines came in contact with her ankle. Her friend, who witnessed the incident, provided statements attesting to the fact that decedent left her home to investigate whether there was a fire, was shocked when she touched a metal gate in her front yard, returned to her home, and then exited the house again, barefoot this time, in order to photograph the scene. Decedent's friend stated that he warned her repeatedly to stay away from the live wires and to get back inside, but she disregarded his warnings.
Defendants' motion for summary judgment was properly granted since decedent's recklessness in approaching live power wires in the midst of a major storm in order to take photographs was the sole legal cause of her death (see Brown v Metropolitan Tr. Auth., 281 AD2d 159, 160 [1st Dept 2001]; Spooner v Sears, Roebuck & Co., 161 AD2d 103 [1st Dept 1990], lv denied 76 NY2d 712 [1990]). Plaintiffs contend that defendants were negligent in failing to properly maintain the power wires, adequately prepare for the storm, and respond rapidly enough to the notice of the emergency situation resulting from the downed wires. However, even if defendants were negligent, decedent's recklessness was a superseding cause of her death (compare Powers v 31 E 31 LLC, 123 AD3d 421, 423 [1st Dept 2014]).
The court did not exercise its discretion in an improvident manner in finding that the written statement of decedent's friend qualified as an excited utterance (see People v Wongshing, 245 AD2d 120 [1st Dept 1997], lv denied 91 NY2d 1014 [1998]). The friend witnessed decedent's electrocution, after warning her of the dangers and refusing to approach the wires himself, despite decedent's urging.
In any event, the unchallenged statement of a neighbor was sufficient to show that decedent's reckless conduct was the cause of her demise, and this statement was consistent with [*2]the statement of decedent's friend.
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 19, 2018
CLERK