Kammerzell v Clean Burn, Inc. (2018 NY Slip Op 06725)





Kammerzell v Clean Burn, Inc.


2018 NY Slip Op 06725


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2016-11407
 (Index No. 2030/13)

[*1]Scott Kammerzell, appellant, 
v
Clean Burn, Inc., respondent (and a third-party action).


Creedon & Gill P.C. (Anita Nissan Yehuda, P.C., Roslyn Heights, NY, of counsel), for appellant.
Litchfield Cavo LLP, New York, NY (Louis F. Eckert and Dana M. Ricci of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Christine A. Sproat, J.), dated September 29, 2016. The order, insofar as appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On April 12, 2010, the plaintiff allegedly was injured by an explosion at nonparty Hudson Valley Automotive Inc. (hereinafter Hudson Valley), an auto repair shop where he was employed. Several years prior to the incident, Hudson Valley had purchased a used-oil heating system (hereinafter the heating system) manufactured by the defendant, Clean Burn, Inc. (hereinafter Clean Burn). The heating system, which stored and burned used oil, consisted primarily of a furnace raised on racks approximately eight feet above the ground and a 250-gallon used-oil storage tank located below the furnace. The 250-gallon storage tank was also designed to serve as a workbench, and had a sticker listing various warnings, including a warning not to "weld or allow open flame within 35 feet of the used-oil supply tank." Hudson Valley had also installed a 275-gallon auxiliary oil tank approximately three feet from the heating system to store used oil; the auxiliary tank was not manufactured by Clean Burn. On the date of the plaintiff's accident, an employee of Hudson Valley was operating a chop saw to cut metal on top of the 250-gallon used oil tank. The chop saw produced sparks that came into contact with flammable gasoline vapors within the auxiliary storage tank, which had been left uncapped, causing the explosion that injured the plaintiff.
In April 2013, the plaintiff commenced this action against Clean Burn to recover damages for personal injuries. The complaint asserted causes of action sounding in strict products liability, breach of implied and express warranty, and negligence. Clean Burn moved, inter alia, for summary judgment dismissing the complaint. In the order appealed from, the Supreme Court, inter alia, granted that branch of Clean Burn's motion. The plaintiff appeals.
"To succeed on a motion for summary judgment involving a claim for strict products [*2]liability, a defendant must show, prima facie, that its product was not defective or that there were other causes of the accident not attributable to it" (Montemarano v Atlantic Express Transp. Group, Inc., 123 AD3d 675, 675; see Mincieli v Pequa Indus., Inc., 56 AD3d 627, 628). Furthermore, "[w]hether an action is pleaded in strict products liability, breach of warranty, or negligence, the plaintiff[ ] must prove that the alleged defect is a substantial cause of the events which produced the injury" (Fahey v A.O. Smith Corp., 77 AD3d 612, 615; see Beckford v Pantresse, Inc., 51 AD3d 958, 959). Here, Clean Burn established its prima facie entitlement to judgment as a matter of law by demonstrating that the heating system was not defective, and that it was not was a substantial factor in causing the plaintiff's injury (see Mincieli v Pequa Indus., Inc., 56 AD3d at 628; Sabessar v Presto Sales & Serv., Inc., 45 AD3d 829, 831). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, we agree with the Supreme Court's determination to grant that branch of Clean Burn's motion which was for summary judgment dismissing the complaint.
SCHEINKMAN, P.J., ROMAN, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court