Preston v Castle Pointe, LLC (2019 NY Slip Op 04617)





Preston v Castle Pointe, LLC


2019 NY Slip Op 04617


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


1415 CA 18-01235

[*1]DONALD PRESTON, AS EXECUTOR OF THE ESTATE OF LAWRENCE A. PRESTON, DECEASED, PLAINTIFF-APPELLANT,
v
CASTLE POINTE, LLC, SL MASTER LESSEE II, LLC, HEALTH CARE REIT, INC., HCRI PENNSYLVANIA PROPERTIES HOLDING COMPANY, HCRI ILLINOIS PROPERTIES, LLC, HCRI WISCONSIN PROPERTIES, LLC, SENIOR LIFESTYLE MANAGEMENT, LLC, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANT. 






LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-APPELLANT.
KAUFMAN BORGEEST & RYAN LLP, VALHALLA (JACQUELINE MANDELL OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.


 Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered August 11, 2017. The order granted the motion of defendants Castle Pointe, LLC, SL Master Lessee II, LLC, Health Care Reit, Inc., HCRI Pennsylvania Properties Holding Company, HCRI Illinois Properties, LLC, HCRI Wisconsin Properties, LLC, and Senior Lifestyle Management, LLC, seeking summary judgment dismissing plaintiff's amended complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this premises liability action seeking damages for, inter alia, the wrongful death and conscious pain and suffering of his father, Lawrence A. Preston (decedent), a 96-year-old man who allegedly drowned in a retention pond on property owned, leased, or operated by defendants-respondents (defendants) and containing the senior citizen independent living facility in which decedent resided. Plaintiff appeals from an order granting defendants' motion for summary judgment dismissing the amended complaint against them. We affirm.
In support of their motion, defendants established that decedent's body was found in the pond a day after he was last seen leaving the apartment building in which he resided. The record contains no information concerning how he came to be there. The Monroe County Medical Examiner concluded that decedent collapsed into the pond and died of drowning. In opposition to the motion, however, plaintiff contended, inter alia, that decedent may have slipped on the pond's sloping bank and slid into the water.
" A landowner has a duty to exercise reasonable care in maintaining [its] property in a safe condition under all of the circumstances, including the likelihood of injury to others, the seriousness of the potential injuries, the burden of avoiding the risk, and the foreseeability of a potential plaintiff's presence on the property' . . . However, a landowner has no duty to protect or warn against an open and obvious condition that is inherent or incidental to the nature of the property, and that could be reasonably anticipated by those using it" (Groom v Village of Sea [*2]Cliff, 50 AD3d 1094, 1094 [2d Dept 2008]; see Commender v Strathmore Ct. Home Owners Assn., 151 AD3d 1014, 1015 [2d Dept 2017]).
Here, defendants met their initial burden on the motion by establishing that the pond, including its sloping bank, was an open and obvious condition inherent or incidental to the nature of the property and that it was known to decedent prior to the accident (see Mossberg v Crow's Nest Mar. of Oceanside, 129 AD3d 683, 683-684 [2d Dept 2015]; Progressive Northeastern Ins. Co. v Town of Oyster Bay, 40 AD3d 612, 613 [2d Dept 2007]; see also Barnaby v Rice, 75 AD2d 179, 182 [3d Dept 1980], affd 53 NY2d 720 [1981]). "A slippery condition on a [pond's bank] is necessarily incidental to its nature and location near a body of water" (Mossberg, 129 AD3d at 684; see Groom, 50 AD3d at 1094-1095; see also Pomianowski v City of New York, 67 AD3d 761, 762 [2d Dept 2009]).
After defendants met their initial burden on the motion, "the burden then shifted to [plaintiff] to produce evidentiary proof in admissible form sufficient to raise a material issue of fact to avoid summary judgment' " (Primax Props., LLC v Monument Agency, Inc., 158 AD3d 1336, 1337 [4th Dept 2018]; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). We agree with defendants that he failed to do so. We note in particular that the engineering expert's affidavit that plaintiff submitted fails to indicate that it was based on any studies, regulations, codes, or statutes, "nor is the expert's conclusion that the [retention pond] was defective and unsafe . . . supported by foundational facts, such as a deviation from industry standards or statistics showing the frequency of injuries caused by" the lack of safety measures proposed by the expert (Kiersznowski v Gregory B. Shankman, M.D., P.C., 67 AD3d 1366, 1367 [4th Dept 2009] [internal quotation marks omitted]; see Baehre v Sagamore Resort Hotel, Inc., 4 AD3d 810, 811 [4th Dept 2004]; see generally Romano v Stanley, 90 NY2d 444, 451 [1997]). Plaintiff failed to introduce evidence in admissible form in support of his remaining contention and thus failed to raise a triable issue of fact with respect to that
contention (see generally Alvarez, 68 NY2d at 324).
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court