Lebron v City of New York (2022 NY Slip Op 04960)

Lebron v City of New York

2022 NY Slip Op 04960

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2020-09765
 (Index No. 705936/17)

[*1]Evan Lebron, respondent,
v
City of New York, et al., appellants.

Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Daniel Matza-Brown and Claibourne Henry of counsel), for appellants.
Elefterakis, Elefterakis & Panek, New York, NY (Oliver R. Tobias of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered November 24, 2020. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
On December 16, 2016, at approximately noon, the plaintiff fell into an inspection pit at a facility operated by the defendant New York City Taxi & Limousine Commission in Queens. The accident was captured by a surveillance video. The plaintiff filed a notice of claim and subsequently commenced this personal injury action against the defendants. The defendants moved for summary judgment dismissing the complaint, contending that the inspection pit was open and obvious and not inherently dangerous. The Supreme Court denied the motion, and the defendants appeal.
"A landowner has a duty to exercise reasonable care in maintaining [its] property in a safe condition under all of the circumstances, including the likelihood of injury to others, the seriousness of the potential injuries, the burden of avoiding the risk, and the foreseeability of a potential plaintiff's presence on the property" (Groom v Village of Sea Cliff, 50 AD3d 1094, 1094 [internal quotation marks omitted]; see Mossberg v Crow's Nest Mar. of Oceanside, 129 AD3d 683, 683; see also Basso v Miller, 40 NY2d 233). However, "there is no duty to protect or warn against an open and obvious condition that, as a matter of law, is not inherently dangerous" (Rosenman v Siwiec, 196 AD3d 523, 524 [internal quotation marks omitted]; see Cerrato v Jacobs, 173 AD3d 1134, 1135; Schiavone v Bayside Fuel Oil Depot Corp., 94 AD3d 970, 971; Rivas-Chirino v Wildlife Conservation Socy., 64 AD3d 556, 557), or "where the condition on the property is inherent or incidental to the nature of the property, and could be reasonably anticipated by those using it" (Cerrato v Jacobs, 173 AD3d at 1135; see Torres v State of New York, 18 AD3d 739).
Here, the defendants established, prima facie, that the inspection pit was an open and obvious condition that was inherent or incidental to the nature of the property and was not inherently [*2]dangerous (see Jang Hee Lee v Sung Whun Oh, 3 AD3d 473, 474; see also Cerrato v Jacobs, 173 AD3d at 1135; Rivas-Chirino v Wildlife Conservation Socy., 64 AD3d at 557). In opposition, the plaintiff failed to raise a triable issue of fact. The speculative and conclusory affidavit of the plaintiff's expert submitted in opposition to the motion did not allege that there was a violation of any applicable statute or relevant industry standard, and it was insufficient to raise a triable issue of fact (see Lorenzo v Garley, 190 AD3d 847, 848; Toes v National Amusements, Inc., 94 AD3d 742, 743). The plaintiff's contention that the surveillance footage should not be considered in determining the motion because it was not produced before his first deposition is improperly raised for the first time on appeal (see Provident Bank v Giannasca, 55 AD3d 812).
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.
DILLON, J.P., ROMAN, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court