MAX ERLICHT, Appellant, *v.* ALFRED BOSER, JR., Respondent.*

First Department, April 5, 1940.

*Jacob S. Schneider*, for the appellant.

*Alexander E. Rosenthal* of counsel [*Irving Segal*, attorney], for the respondent.

CALLAHAN, J. On December 27, 1935, at about eleven-thirty P. M., plaintiff, who was visiting a tenant in the tenement house owned by defendant, fell while descending the public stairway.

As plaintiff related the occurrence, he had walked down several flights of stairs when he came to the stairway between the first

---

* Decision on reargument, 259 App. Div. 675.

and the ground floor, which was quite dark. He put down his right foot and felt that the back of his foot stepped on something, but the front of his foot had nothing to rest on. He lost his balance, and was caused to fall, receiving serious injuries.

An examination of the stairway at the point in question showed that it contained what is known as a radial step. This means a fan-shaped step, which in this case was only two inches in width on the inside edge near the string or stringer, widening out to thirty-two inches at the end nearest the wall. Webster's New International Dictionary defines a string or stringer, when used architecturally, to mean " one of the inclined sides of a stair supporting the treads and risers." The measurements and the description of the steps above referred to were given by two of plaintiff's witnesses. There was no contradiction by defendant of the physical facts concerning the construction of the steps. However, a supervising inspector from the building department, although he had not examined the premises, was permitted to testify on behalf of defendant that the plans filed showing the steps in question complied with the law. His attention was called to the provisions of section 21 of the Tenement House Law, reading, in part, as follows: " *   *   * Winding stairs will not be permitted except in a fireproof tenement house provided with a power passenger elevator. Where winding stairs or radial steps are used, the strings from which the risers radiate shall be curved on a circle of not less than one foot diameter and the treads shall not be less than four inches wide at the said string, the nosing not to be included; and the angle formed by the face of the riser and said string shall not diverge more than forty degrees from a line normal to the string at the intersection of such riser, except that in three-family and four-family converted dwellings existing winding stairs may be permitted." (Amd. by Laws of 1919, chap. 447, § 3, in effect May 5, 1919; Laws of 1919, chap. 648, § 3, in effect June 23, 1919.)

The Multiple Dwelling Law superseded the Tenement House Law on April 18, 1929. With the exception of apartment hotels and converted dwellings, no change was required in tenement houses built between April 12, 1901, and April 18, 1929, or in multiple dwellings which were not within the scope of the Tenement House Law. The defendant's house was erected in 1908, and, accordingly, is governed by section 21 of the Tenement House Law.

The inspector interpreted the law to mean that the minimum measurement of four inches contained in section 21 of the Tenement House Law related to a measurement of the treads taken on " the radius." We are unable to understand what the inspector meant

by this. It is clear that the statute requires that the tread of a radial step at the point nearest the string or stringer be not less than four inches in width. Unquestionably the step involved herein as constructed did not comply with this requirement.

After the court had completed its main charge, counsel for the plaintiff requested the court to charge as follows: " I respectfully ask your Honor to charge that where winding stairs or a radial step is used, the staircase from which the risers radiate shall be curved on a circle of not less than one foot in diameter, and that the treads shall be not less than four inches wide at said stringers, the nosing not to be included."

The court charged the jury: " * * * that this is a provision of the law, but it is for you to say whether it applied to this particular stairway." Exception was taken by the plaintiff to the court's refusal to charge as requested. We think that the refusal constituted error. There was no issue for the jury with respect to the application of the statute.

The testimony of the building inspector as to what the plans called for did not alter the proof concerning the physical facts, and it was for the court to determine, as a matter of law, whether the statute applied.

It has been established by a decision of the highest court of our State that steps constructed in the manner herein described afforded a basis for a finding of negligence. (See *Galligan* v. *Druidan Real Estate Co., Inc.*, 266 N. Y. 445, revg. 242 App. Div. 613.) Plaintiff, in the ·*Galligan* case (*supra*) was a tenant who was injured on a radial step of the same description as that involved in the present case, except that in the cited case the narrowest part of the tread of the step was three or three and one-half inches in width, and the accident happened in the day time, whereas in the present case the step was only two inches in width, and the accident happened at night. This court held in the *Galligan* case (*supra*) that there was no negligence established, but the Court of Appeals reversed and reinstated a verdict in favor of the plaintiff. While the decision in the *Galligan* case (*supra*) rested on common-law negligence due to the fact that the building because of age did not come within the Tenement House Law, both parties conceded that if section 21 of that statute applied it would have covered a step of the kind involved herein.

There seems to be no question that as a·matter of law section 21 of the Tenement House Law applies in the present case, although it was, of course, for the jury to determine whether the violation was the proximate cause of the injury. In view of our decision on this point, it is unnecessary for us to discuss the remaining assignments of error raised by appellant.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

MARTIN, P. J., GLENNON, DORE and COHN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.