■ RINA ZDANIS et al., Appellants, v TOWN OF ISLIP, Respondent, et al., Defendant. [656 NYS2d 914] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Suffolk County (Doyle, J.), dated April 15, 1996, which granted the motion of the defendant Town of Islip for summary judgment dismissing the complaint insofar as asserted against it, and (2) as limited by their brief, from so much of an order of the same court, dated September 4, 1996, as denied their motion, in effect, for leave to reargue.

Ordered that the appeal from the order dated September 4, 1996, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated April 15, 1996, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff Rina Zdanis was injured when she fell on a raised sidewalk on Connetquot Avenue in the Town of Islip. The Supreme Court properly dismissed the complaint as the plaintiffs failed to establish that actual written notice of the defect was given to the Town Clerk or the Commissioner of Highways in accordance with Town Law § 65-a and Town of Islip Code § 47A-3. Furthermore, the Town cannot be charged with notice of the defect because the plaintiff failed to demonstrate that an inspection of the subject area took place prior to the accident (*see, Jones v Town of Brookhaven*, 227 AD2d 530; *Ferris v County of Suffolk*, 174 AD2d 70; *Klimek v Town of Ghent*, 114 AD2d 614).

The plaintiffs' motion, denominated one for leave to renew, was based on information which readily and with due diligence could have been presented as part of their opposition to the original motion, and the plaintiffs have offered no excuse for failing to present the evidence at that time. It was therefor in actuality a motion for leave to reargue, the denial of which is not appealable (*see, Mgrditchian v Donata*, 141 AD2d 513; *Chiarella v Quitoni*, 178 AD2d 502; *Foley v Roche*, 68 AD2d 558).

The plaintiffs' remaining contentions are without merit. Bracken, J. P., Friedmann, Florio and McGinity, JJ., concur.