■ BARBARA ZAPATER et al., Respondents, v 2540 ASSOCIATES, INC., et al., Appellants. [672 NYS2d 873] —Order, Supreme Court, New York County (Alan Saks, J.), entered July 18, 1997, which, in an action to recover for personal injuries sustained in a trip and fall at the entrance of defendants' multiple dwelling, insofar as appealed from, denied defendants' cross motion to vacate a default judgment entered against them after inquest, unanimously affirmed, without costs.

Vacatur was properly denied for defendants' failure to show that they have a meritorious defense or that they moved within a year after obtaining knowledge of entry of the February 1995 judgment (CPLR 317). Defendants' affidavit, in generally vouching for the well-maintained condition of the premises, does not directly refute plaintiff's claims in her complaint of the lack of handrails and lighting and the disrepair of the stairs, and is therefore deficient as an affidavit of merit (see, Peacock v Kalikow, 239 AD2d 188, 190). The affidavit also does not indicate the date defendants learned of the default judgment, merely stating that it came to their attention when they sought to refinance the property. Yet, in August 1995, a foreclosure action was commenced against defendants' building that recited plaintiff's February 1995 judgment as a claim and named plaintiff as an interested party, and thus it can be inferred that defendants' attempt to refinance was related to the foreclosure and made well over a year before they finally moved to vacate the default judgment in May 1997. We would add that defendants' claim that they did not receive notice of the action in time to defend because their agent for service of process had relocated his office without informing the Secretary of State of his new address is not an acceptable excuse for purposes of CPLR 5015 (a) (1) (see, Lawrence v Esplanade

*Gardens*, 213 AD2d 216). Concur—Rosenberger, J. P., Wallach, Tom and Saxe, JJ.