■ JODI SANTIAGO, Respondent, v UNITED ARTISTS COMMUNICATIONS, INC., et al., Appellants. [693 NYS2d 44] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about October 27, 1998, which denied defendants' motion for summary judgment dismissing the complaint in this slip and fall personal injury action, reversed, on the law, without costs, defendants' motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

The motion court improperly found that plaintiff's expert's

affidavit raised a triable issue of fact as to the defective condition of the step. In his affidavit, plaintiff's expert never stated when he conducted his on-site inspection of the step, never compared the results of his on-site inspection with any of the photographs of the step, and never stated that the condition of the step at the time of his inspection was the same as that at the time of the accident (*see, Figueroa v Haven Plaza Hous. Dev. Fund Co.*, 247 AD2d 210). Moreover, plaintiff never established the existence of a dangerous condition, since, prior to her accident and despite the site being heavily trafficked, there were no complaints about the allegedly defective step, no repairs were done on the step, and no building code violations were issued regarding the step.

Dismissal should have also been granted given the facts and circumstances presented as they relate the alleged defect to plaintiff's injury. Plaintiff's only testimony as to the cause of the accident was that she lost her footing due to the step not being level. The trivial nature of this alleged defect, a depression of ½ inch which appeared to be shallow and gradual according to *plaintiff's* expert and photographic evidence, respectively, outweighed any other factor present, thus warranting a finding that no dangerous or defective condition existed as a matter of law (*see, Trincere v County of Suffolk*, 90 NY2d 976; *Nin v Bernard*, 257 AD2d 417; *Figueroa v Haven Plaza Housing Dev. Fund Co.*, supra; *Morales v Riverbay Corp.*, 226 AD2d 271). Concur—Sullivan, J. P., Williams, Mazzarelli and Wallach, JJ.

Rubin, J., dissents in a memorandum The majority misapprehends the nature of the defect in the step that resulted in injury to plaintiff. It is not merely the depression in the stair surface but also the condition and configuration of the exit area that represents a hazard to the theater patron. The evidence adduced by plaintiff is sufficient to state a prima facie case so as to withstand defendants' motion for summary judgment dismissing the complaint.

Plaintiff's expert, a professional engineer, submitted an affidavit in which he discusses a number of deficiencies in both the design and the general condition of the area where the accident occurred. The slippery nature of the surfacing material, the insufficient length of the extension of the elevated platform surface beyond the exit door and the absence of any warning that the vestibule is at a higher level than the abutting sidewalk are all cited as factors contributing to the unsafe condition of the theater exit, factors that are completely ignored by the majority.

I cannot agree that the affidavit of plaintiff's expert, which includes detailed measurements and observations to justify the conclusions stated, is insufficient to support a prima facie case of negligence. In the absence of any evidence to suggest a material change in the condition of the exit area subsequent to plaintiff's injury, the majority's dismissal of the affidavit as less than probative is unwarranted. Nor is it rendered inadmissible merely because it states that the egress violates provisions of the New York City Building Code, the proscription being limited to usurping the function of the trial court by defining the duty of care applicable under common law (*e.g.,* *Lipton v Kaye*, 214 AD2d 319; *Sawh v Schoen*, 215 AD2d 291) or pursuant to statute (*e.g., Rodriguez v New York City Hous. Auth.*, 209 AD2d 260; *Ross v Manhattan Chelsea Assocs.*, 194 AD2d 332, 333). Moreover, the affidavit is unopposed by any contrary submission by an expert witness on behalf of defendants. Rather, it is defendants' contention that the safety of the vestibule area is conclusively established because the building has been granted a certificate of occupancy. It should be apparent that if a claim of negligence in regard to the condition and maintenance of premises could be defeated merely by the submission of a certificate of occupancy, few such claims would ever proceed to trial.

Accordingly, the order of the Supreme Court should be affirmed.