■ Suon Luong et al., Respondents, v 173 Lafayette Corp., Appellant. [697 NYS2d 602] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered October 2, 1998, which, in an action to recover for personal injuries allegedly caused by defendant building owner's negligent maintenance of a staircase, denied defendant's motion to vacate a default judgment, and order, same court and Justice, entered March 11, 1999, which denied defendant's motion to renew its motion to vacate the default judgment, unanimously affirmed, without costs.

Vacatur was properly denied on the ground that the assertion of defendant's President that he knew of no condition on the staircase that could have caused plaintiff's fall is conclusory, given plaintiff's allegations of inadequate handrails and lighting, and deficient as an affidavit of merit (*see, Zapater v 2540 Assocs.*, 250 AD2d 508). Renewal was properly denied on the ground that defendant failed to offer a reasonable excuse for not having submitted an adequate affidavit of merit on the original motion (*see, Leonard Fuchs, Inc. v Laser Processing Corp.*, 222 AD2d 280). In any event, the affidavit of merit submitted with the renewal motion is also inadequate since it does not address the condition of the premises at the time of plaintiff's fall (*see, Santiago v United Artists Communications*, 263 AD2d 407). Concur—Rosenberger, J. P., Williams, Tom, Mazzarelli and Saxe, JJ.

■ George Holtzer, Appellant, v London Meat Co., Inc., et al., Respondents. (And a Third-Party Action.) [697 NYS2d 275] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about September 16, 1998, which, *inter alia*, granted defendants' cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Summary judgment was properly awarded since plaintiff's theory that his injury was caused by bald tires on defendants' van is unsupported by any probative evidence in admissible form and amounts to sheer conjecture and speculation (*see, Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 550; *see also, Lynn v Lynn*, 216 AD2d 194). Concur—Rosenberger, J. P., Williams, Tom, Mazzarelli and Saxe, JJ.