LAVERN JENKINS, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [784 NYS2d 32]—

Order, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered on or about February 27, 2003, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

While ascending a staircase in defendant's building, plaintiff attempted to bypass the third stair, which was covered on the right side by a puddle of some liquid substance, by stepping from the second stair directly to the fourth stair. Plaintiff testified that she ascended on the right side of the staircase, holding the handrail on that side as she stepped over the puddle. However, plaintiff's left foot slipped as she placed it on the fourth stair, and she fell, fracturing her ankle. Plaintiff subsequently commenced this personal injury action against defendant. For the reasons set forth below, we find that defendant's motion for summary judgment dismissing the complaint should have been granted.

To the extent plaintiff's claim is based on defendant's failure to remedy the transient hazardous condition allegedly created by the puddle on the third stair, plaintiff failed to offer any evidence rebutting defendant's showing that its staff had no actual or constructive notice of the presence of the puddle prior to the subject accident (*see e.g. Hendricks v 691 Eighth Ave. Corp.*, 226 AD2d 192 [1996]). To the extent plaintiff relies on the theory that the accident was proximately caused by inadequate illumination, she admitted at her deposition that she could see the steps and the liquid substance before she fell, and, in opposing the summary judgment motion, she offered no evidence that her fall was precipitated by any hazard she failed to see due to poor lighting (*see e.g. Hunt v New York City Hous. Auth.*, 280 AD2d 391 [2001], *lv dismissed* 97 NY2d 638 [2001]). Similarly, plaintiff cannot prevail on her claim that the staircase, which had a handrail on the right side only, should have had handrails on both sides, since she failed to offer any evidence indicating that the omission of a left-side handrail (alongside the wall) was a proximate cause of her fall (*see e.g. Hyman v Queens County*

*Bancorp.*, 307 AD2d 984 [2003], *appeal dismissed in part* 2 NY3d 819 [2004]). On this record, it would be sheer speculation to conclude that, had there been a left-side handrail, plaintiff would have walked on the left side of the stairway to avoid the puddle, rather than walking on the right side and skipping a stair. Finally, the opinion of plaintiff's expert does not raise a triable issue as to whether the surface of the stairs offered sufficient slip-resistance, since the expert did not identify the basis for the 0.5 coefficient-of-friction value he utilized as a standard. In this regard, we further note that plaintiff testified that she had never previously experienced any problems on the subject stairway, notwithstanding that she had used it several times per week for five years. Concur—Tom, J.P., Saxe, Williams, Friedman and Marlow, JJ.