■ Jorge Sarmiento et al., Respondents, v C & E Associates, Appellant. [837 NYS2d 57]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered July 11, 2006, which denied defendant's motion for summary judgment, unanimously modified, on the law and the facts, to the extent of granting leave to renew the motion in accordance with the decision herein, and otherwise affirmed, without costs.

In this action for personal injuries, plaintiff Jorge Sarmiento alleges that he slipped and fell while descending an interior staircase in his residential building, which is owned by defendant. It was raining on the day of the accident, and although Mr. Sarmiento testified that he did not see any water on the stairs prior to slipping, both he and his wife observed water on the stairs between the second and first floor landings after his fall.

Plaintiffs offered multiple theories of liability during the course of this lawsuit. In the complaint, they alleged that defendant was negligent in permitting a dangerous condition on the stairs, to wit, the injured plaintiff "was caused to fall because of a broken, uneven, cracked, raised and defective, dangerous and otherwise hazardous condition." In their bill of particulars, plaintiffs alleged not only that the stairs were defective, but also that the lighting was inadequate. Finally, in his deposition, Mr. Sarmiento testified that he slipped due to the wet, slippery condition on the stairs.

Defendant moved for summary judgment, arguing a lack of actual or constructive notice of the water condition. In response, plaintiffs submitted an engineer's expert affidavit, which incorporated each of their earlier theories. Upon inspection of the stairs nine months after the accident, the engineer gave his opinion that the stairs were in an "unsafe condition" because they were rounded and chipped, and were made of marble; because they did not have a nonskid surface, as required by the Building Code, and did not meet the minimum coefficient of friction standard; and because this dangerous condition was exacerbated by the water on the stairs and inadequate lighting.

Supreme Court rejected plaintiffs' theory of a dangerous condition resulting from water on the stairs, due to the lack of actual or constructive notice, but found that the engineer's affidavit raised an inference that the alleged defects in the stairs

and lighting conditions "may have been a significant factor" in contributing to this accident.

We find that although many of plaintiffs' theories of liability lack merit, the order should be affirmed since a triable issue exists as to one of their statutory claims. Initially, the motion court properly found that defendant had demonstrated a lack of actual or constructive notice of the wet condition as a matter of law. However, it erred in finding that plaintiffs had raised a triable issue regarding the alleged inadequacy of the lighting in the stairwell. Even assuming that the engineer's affidavit raised a triable issue with respect to the actual lighting conditions, this theory must fail because Mr. Sarmiento's deposition testimony eliminated any possibility that the lighting played any causal role in the accident. When specifically asked at his deposition whether "there was enough lighting" in the area where the accident occurred, he responded, "yes, there was lighting." In addition, plaintiffs both affirmatively testified that the water on the stairs caused his fall. In short, Mr. Sarmiento testified that he slipped because of the wet stairs, not because the lighting was inadequate (see Weiss v Gerard Owners Corp., 22 AD3d 406, 407 [2005] [affidavit alleging inadequate lighting disregarded where it contradicted plaintiff's testimony that he could see the floor]). Thus, whether the lighting was adequate or not, it was not a proximate cause of this accident.*

The motion court further erred in finding a triable issue of fact as to the alleged defective condition of the stairway itself. Although the engineer's affidavit referenced the "ASTM Standard F609-96" in defining the "Static Coefficient of Friction" (SCOF) ratio, it did not reference any specific standard in asserting that a "minimum SCOF of 0.5 is the commonly accepted value for a non-slip (non-skid) surface" (see Jenkins v New York City Hous. Auth., 11 AD3d 358, 360 [2004] [no triable issue where expert did not identify the basis for the 0.5 coefficient-of-friction value he utilized as a standard]).

In addition, the expert's affidavit makes clear that his inspection of the stairs occurred nine months after the accident, and it only vaguely asserts that he measured the SCOF "at various locations in the proximal area of the accident on several treads." In the absence of any evidence that the specific location of this accident—i.e., the second step of the stairwell in question—was tested and failed to meet the purported industry standard of 0.5 (Suarez v D&C Mgt. Assoc., 284 AD2d 706, 707 [2001] [expert

---

* Although Mr. Sarmiento did testify that he could not see the water on the stairs before he fell, he attributed this inability to the fact that the stairs were "made of marble," not because of any lack of lighting.

failed to reference industry standard, failed to state where in parking lot he made his observations and measurements, and did not assert he tested area where plaintiff fell]), and that such condition existed on the date of the accident (*Santiago v United Artists Communications*, 263 AD2d 407, 408 [1999] [plaintiff's expert failed to state when inspection conducted and whether condition was same at time of accident]), no triable issue is raised as to the defective condition of the steps.

In addition, the expert's opinion that the steps in question were slippery and unsafe is not materially different from the allegation that the stairs were slippery due to their smoothness, which is not an actionable defect (*Waiters v Northern Trust Co. of N.Y.*, 29 AD3d 325, 326-327 [2006] [absent proof of reason for plaintiff's fall other than the "inherently slippery" condition of the floor, no cause of action for negligence can properly be maintained]; *see also Palermo v Roman Catholic Diocese of Brooklyn, N.Y.*, 20 AD3d 516 [2005]; *Rodriguez v Kimco Centereach 605*, 298 AD2d 571 [2002]). Nor does the expert's additional allegation that the marble stairs were rendered increasingly hazardous by the presence of water afford a basis for liability, in the absence of a showing that defendant had actual or constructive notice of the resulting dangerous condition (*see Waiters*, 29 AD3d at 327; *Palermo*, 20 AD3d at 517; *Rodriguez*, 298 AD2d at 572).

Notwithstanding the above, defendant's motion for summary judgment must be denied on the ground that a triable issue exists as to one of plaintiffs' multiple statutory claims. In plaintiffs' expert's affidavit, the allegation is made that the stairs violated the Building Code, which explicitly requires that "[t]reads and landings shall be built of or surfaced with nonskid materials" (Administrative Code of City of NY § 27-375 [h]). There is evidence in the record that the treads of the stairs were made of marble, and had been in that condition for many years prior to the accident.

On appeal, the parties dispute whether this Code provision applies to this case, but have not provided a sufficient record for this Court to make a conclusion. In the motion court, plaintiffs did not include any reference to this Building Code provision in their complaint or bill of particulars, but rather raised it for the first time in a supplemental bill of particulars, filed simultaneously with their papers in opposition to the summary judgment motion. In its reply papers, defendant referred to the Code provision only briefly, and did not raise any challenge to its applicability.

We find that a triable issue exists as to the applicability of

section 27-375 (h) (*see Grayson v Hall*, 31 AD3d 606 [2006]). It is defendant's appellate contention that section 27-375 (h) does not apply because the subject building was built in 1916, long before the enactment of the nonskid requirement of the Building Code, and thus, the existing marble stairs were "grandfathered" in under section 27-111 of the Administrative Code. In contrast, plaintiffs argue that there is no conclusive evidence as to the date the building was constructed, and that even if 1916 is the correct year, the building may still be subject to the present Code requirements by virtue of section 27-118 (a) of the Administrative Code, which excludes from the grandfathering provision any building that has undergone significant renovations resulting in a change of occupancy group classification.

Having considered these arguments, we conclude that defendant has failed to meet its burden of demonstrating the inapplicability section 27-375 (h) (*see Pappalardo v New York Health & Racquet Club*, 279 AD2d 134, 140 [2000]). Although plaintiffs' counsel asked some questions regarding renovations during depositions, and the expert's affidavit gave an approximate year of the building's construction, this issue was never fully aired, presumably due to plaintiffs' late notice of the Code provision in their supplemental bill of particulars and defendant's failure to raise any challenge to its applicability in its reply papers. Accordingly, the motion for summary judgment should be denied, with leave to renew on the issue of the applicability of section 27-375 (h) (*cf. Altschuler v Gramatan Mgt., Inc.*, 27 AD3d 304 [2006]).

The remaining statutory and Code violations cited by plaintiffs do not raise a triable issue as to defendant's negligence because they are either too general to support a negligence action in this circumstance (*see Amaya v Denihan Ownership Co., LLC*, 30 AD3d 327 [2006]), or because they relate to the issue of inadequate lighting, an issue we have already eliminated from this case. Concur—Saxe, J.P., Nardelli, Buckley, Gonzalez and Sweeny, JJ.