■ TAMMI HASSELL, Appellant, v NEW YORK UNIVERSITY MEDICAL CENTER, Respondents. [852 NYS2d 342]—

In an action to recover damages for wrongful death resulting from medical malpractice and negligence, the plaintiff appeals from an order of the Supreme Court, Kings County (Rosenberg, J.), dated April 19, 2006, which (1) denied her motion for leave to renew her prior motion to vacate an order of the same court dated December 5, 2003, entered upon her default in appearing at a pretrial conference, dismissing the action pursuant to 22 NYCRR 202.27 (b) and 202.56 (b) (2) and to restore the action to the trial calendar, which had been denied by order of the same court (M. Garson, J.) dated March 9, 2005, and (2) denied, as academic, her separate motion to strike the defendants' affirmation in opposition to her motion and their surreply.

Ordered that the order is affirmed, with costs.

Due to the plaintiff's failure to appear at a pretrial conference and subsequent failure to comply with the court's discovery

directives, the action was dismissed. The court denied the plaintiff's motion to vacate the default. The plaintiff moved for leave to renew her motion to vacate, supported by a new affidavit of merit from a medical expert. The court denied the plaintiff's motion for leave to renew, holding that the plaintiff failed to advance any reason for not submitting the affirmation of her expert with her prior motion to vacate. We agree. Renewal of the plaintiff's motion to vacate was properly denied on the ground that the plaintiff failed to offer any reasonable excuse for not having submitted an adequate affidavit of merit from a medical expert in support of her earlier motion to vacate (*see* CPLR 2221 [e] [3]; *see also Suon Luong v 173 Lafayette Corp.*, 266 AD2d 26 [1999]; *Zdanis v Town of Islip*, 238 AD2d 334 [1997]).

In any event, the affidavit of merit submitted with the renewal motion was also inadequate since it lacked probative value. The plaintiff's expert failed to lay the requisite foundation for his alleged expertise regarding the applicable standards of care relevant to this case (*see Behar v Coren*, 21 AD3d 1045, 1046 [2005]).

The plaintiff's remaining contentions are unpreserved for appellate review, and, in any event, are without merit. Rivera, J.P., Covello, Angiolillo and Dickerson, JJ., concur.