MAXINE B. SANDERS, Respondent, v MORRIS HEIGHTS MEWS ASSOCIATES et al., Appellants. [892 NYS2d 99]—

Plaintiff was injured in a stairway slip and fall in defendants' building after the handrail gave way. Defendants met their burden with respect to the alleged slipperiness of the steps. Plaintiff testified that her right foot slipped, but did not indicate any substance that might have caused the slip. This is no more specific than alleging the stairs were slippery due to smoothness, which is not an actionable defect (*Sarmiento v C & E Assoc.*, 40 AD3d 524, 527 [2007]).

Plaintiff's argument that defendants created the condition by painting the stairs with enamel paint was made for the first time in opposition to the motion, and was based solely on the affidavit of her expert who surmised that this was the cause of her slip and fall. That affidavit was insufficient to raise an issue of fact, as it indicated the expert examined "the stairway" without addressing the particular step on which plaintiff slipped (*see Murphy v Conner*, 84 NY2d 969 [1994]; *Sarmiento*, 40 AD3d at 526-527). It also failed to reference a specific standard by asserting a minimum acceptable coefficient of friction (*see id.* at

526; *Jenkins v New York City Hous. Auth.*, 11 AD3d 358, 360 [2004]). For these reasons, plaintiff also failed to raise an issue of fact as to whether defendants violated Administrative Code of the City of New York § 27-375 (h) in applying enamel over the rubber treads.

Nevertheless, defendants failed to meet their burden of eliminating the factual issue as to whether they breached their duty to inspect the handrail, which was designed to be fastened with screws underneath to wall brackets, thus constituting "an object capable of deteriorating [that] is concealed from view" (*Hayes v Riverbend Hous. Co., Inc.*, 40 AD3d 500, 501 [2007], *lv denied* 9 NY3d 809 [2007]). Their witness admitted that defendants had no regular program for inspecting the handrail (*see Peters v Trammell Crow Co.*, 47 AD3d 419, 420 [2008]), and that the only inspection was conducted by the U.S. Department of Housing and Urban Development every two years. Even assuming defendants can rely on this biennial inspection, this creates an issue of fact as to whether inspecting the handrail once every two years is reasonable (*see Hayes*, 40 AD3d at 501). Concur—Mazzarelli, J.P., Friedman, Nardelli, Renwick and Román, JJ.