■ NILDA RIVERA, Appellant, v BILYNN REALTY CORP., Respondent. [925 NYS2d 452]—

Order, Supreme Court, Bronx County (Cynthia S. Kern, J.), entered November 24, 2009, which, in this action for personal injuries, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant established its entitlement to judgment as a matter of law by demonstrating the absence of an actionable defect in the subject stairs (see e.g. Cintron v New York City Tr. Auth., 77 AD3d 410, 411 [2010]; Gonzalez v Board of Educ. of City of Yonkers, 298 AD2d 358 [2002]). Defendant also submitted evidence showing that the building was constructed in 1921 and was governed by the provisions of the Tenement House Law and not the Administrative Code of the City of New York or the Building Code (see Erlicht v Boser, 259 App Div 269 [1940]; see also Pappalardo v New York Health & Racquet Club, 279 AD2d 134, 140 [2000]; Hunter v G. W. H. W. Realty Co., Inc., 247 App Div 385 [1936]).

Plaintiff's opposition failed to raise a triable issue of fact concerning defendant's failure to maintain the step in a reasonably safe condition. Her expert's affidavit cited violations of the Administrative Code and Building Code, but plaintiff did not dispute defendant's showing that the Building Code does not apply, and the claimed violation of the Tenement House Law governing the height of the step risers is not shown to be causally related to the accident (see Telfeyan v City of New York, 40 AD3d 372, 373 [2007]). Furthermore, the opinion of plaintiff's expert regarding the coefficient of friction and the requirement of a nonskid strip on the step was unsupported by evidence of a published industry or professional standard upon which it was based (see Jenkins v New York City Hous. Auth., 11 AD3d 358, 360 [2004]). Concur—Saxe, J.P., Acosta, DeGrasse, Abdus-Salaam and Manzanet-Daniels, JJ.