■ MARGARET ALSTON, Appellant, v ZABAR's & Co., INC., Doing Business as ZABAR's DELI AND GOURMET FOODS, et al., Respondents. [939 NYS2d 27]—

Defendants met their initial burden to demonstrate their entitlement to judgment as a matter of law by submitting plaintiff's deposition testimony stating that she did not know what caused her fall and did not observe anything on the floor before or after the accident (*see Raghu v New York City Hous. Auth.*, 72 AD3d 480, 482 [2010]; *Reed v Piran Realty Corp.*, 30 AD3d 319, 320 [2006], *lv denied* 8 NY3d 801 [2007]).

Plaintiff failed to meet her burden to raise a triable issue of fact. The affidavit by an expert engineer was insufficient to raise a question of fact as to whether the combination of the slope of the floor and the coefficient of friction on parts of the floor lacking anti-slip strips caused the accident, given that the expert failed to establish that plaintiff was walking on an area without the strips immediately prior to the accident (*see Sarmiento v C & E Assoc.*, 40 AD3d 524, 526-527 [2007]; *Sanders v Morris Hgts. Mews Assoc.*, 69 AD3d 432 [2010]). Moreover, the expert's affidavit failed to show that the condition of the accident site at the time of the examination was the same as at the time of the accident (*see Santiago v United Artists Communications*, 263 AD2d 407, 407-408 [1999]). Concur—Andrias, J.P., Saxe, Acosta, Freedman and Richter, JJ.