■ MARY E. GIBBS, Appellant, v 3220 NETHERLAND OWNERS CORP., Respondent. [953 NYS2d 34]—

The court correctly held that the stairs on which plaintiff allegedly slipped and fell (leading from the first floor to the lobby) were not "exit" stairs within the meaning of either subdivision (g) of section C26-292.0 of the 1938 Building Code of City of New York (Administrative Code of City of NY § C26-292.0), or the Building Code section which plaintiff had relied on previously, section 27-375 of the 1968 Building Code of City of New York (Administrative Code of City of NY § 27-375) (*see Remes v 513 W. 26th Realty, LLC*, 73 AD3d 665, 666 [1st Dept 2010]; *Union Bank & Trust Co. of Los Angeles v Hattie Carnegie, Inc.*, 1 AD2d 199, 199-200 [1st Dept 1956]; *see also Cusumano v City of New York*, 15 NY3d 319, 324 [2010]). Accordingly, the court

correctly determined that plaintiff's expert's opinion, that the stairs violated the Building Code's requirements applicable to "exit" stairs, failed to raise an issue of fact.

Similarly, plaintiff's expert's opinion regarding the allegedly slippery condition created by the absence of slip resistant material and/or use of high gloss enamel paint was lacking in probative value because he did not identify any minimum requirement of non-skid material, nor that using such paint deviated from such standard (*see Cietek v Bountiful Bread of Stuyvesant Plaza, Inc.*, 74 AD3d 1628, 1629 [3d Dept 2010]; *Sanders v Morris Hgts. Mews Assoc.*, 69 AD3d 432, 432-433 [1st Dept 2010]; *Jenkins v New York City Hous. Auth.*, 11 AD3d 358, 360 [1st Dept 2004]).

Plaintiff's current argument on appeal that the water *might* have come from a source other than the weather conditions is wholly speculative and insufficient to defeat defendant's showing that it had no actual or constructive knowledge of any wet or slippery condition in the subject stairwell (*see Fallon v Duffy*, 95 AD3d 1416, 1417 [3d Dept 2012]).

The court correctly denied plaintiff's cross motion for leave to amend her bill of particulars, as the proposed amendment failed to state a cause of action (*see Megaris Furs v Gimbel Bros.*, 172 AD2d 209 [1st Dept 1991]). Concur—Gonzalez, P.J., Moskowitz, Acosta, Freedman and Abdus-Salaam, JJ.