Order, Supreme Court, New York County (Joan A. Madden, J.), entered on or about July 10, 2012, which denied defendant’s motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Defendant restaurant established its entitlement to judgment as a matter of law, in this action where plaintiff allegedly slipped and fell on a slippery substance on the restaurant’s floor. Defendant demonstrated that it had no notice of the allegedly defective condition by submitting, inter alia, the testimony of its manager who stated that on the day of the accident, he had been on duty for several hours before plaintiffs fall, and walked around and inspected the entire restaurant every three to four minutes. He also testified that he did not see any spills of food, liquid, or debris on that day, and did not receive any complaints about such conditions. The hostess on duty at the time also testified that she did not receive any such complaints. Moreover, the manager observed that the floor was clean and dry prior to the accident, and inspected the area where plaintiff fell shortly thereafter and saw that it was still clean and dry. Plaintiff also testified that she passed the same area in the restaurant about 45 minutes before her accident and did not observe a hazardous condition (see Warner v Continuum Health Care Partners, Inc., 99 AD3d 636, 637 [1st Dept 2012]; compare Porco v Marshalls Dept. Stores, 30 AD3d 284 [1st Dept 2006]).
*579 In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff did not perceive a defective condition on the floor either prior to or subsequent to her fall. She first observed a greasy substance on the soles of her sandals a day later, in her hospital room. There is a lack of evidence that the substance on the bottom of her sandals was on the part of the restaurant floor where she slipped, let alone for a long enough period of time to permit defendant to notice it (see Berger v ISK Manhattan, Inc., 10 AD3d 510 [1st Dept 2004]; Segretti v Shorenstein Co., E., 256 AD2d 234 [1st Dept 1998]).
The opinion of plaintiffs expert that the coefficient of friction of the subject area of the restaurant floor was below the generally accepted minimum, causing the floor to be dangerously slippery even when it was clean and dry, failed to raise a triable issue of fact. Such inherent slipperiness alone is not actionable (see DeMartini v Trump 767 5th Ave., LLC, 41 AD3d 181 [1st Dept 2007]), and the expert failed to connect any observation of the floor to the accident (see Reed v Piran Realty Corp., 30 AD3d 319 [1st Dept 2006], lv denied 8 NY3d 801 [2007]). The expert also failed to show that the floor’s condition when he inspected it was the same as on the day of the accident, almost a year and a half earlier (see Alston v Zahar’s & Co., Inc., 92 AD3d 553 [1st Dept 2012]).
Concur—Tom, J.E, Sweeny, Saxe, Román and Feinman, JJ.