Order, Supreme Court, New York County (Richard F. Braun, J.), entered on or about July 9, 2013, which, upon a finding that both plaintiff and defendant Victoria’s Secret Stores, LLC, were negligent, apportioned liability 25% to plaintiff and 75% to Victoria’s Secret, unanimously affirmed, without costs.
Plaintiff tripped and fell on the first step from the landing of a staircase leading down from the mezzanine level to the lobby of the Victoria’s Secret store located on West 57th Street. At trial, plaintiff expert testified that her fall was caused by a one half inch height differential between the landing and the first step, and the first step and the second step, which caused plaintiff to lose her balance.
Defendant contends that the staircase was not defective *556 because the height differential of the risers between the first and the second stair from the landing complied with section 27-375 of the Administrative Code of the City of New York. However, under Administrative Code § 27-375 (f), “Interior stair[s]” are defined as “stair[s] within a building, that serve[ ] as a required exit” (Administrative Code § 27-232). “Exit” is defined as “[a] means of egress from the interior of a building to an open exterior space” (id.). The stairs leading from the mezzanine level to the lobby did not serve as a means of egress. Thus, Administrative Code § 27-375 is inapplicable (see Gibbs v 3220 Netherland Owners Corp., 99 AD3d 621 [1st Dept 2012]; Remes v 513 W. 26th Realty, LLC, 73 AD3d 665, 666 [1st Dept 2010]).
Plaintiffs expert supported her opinion that the stairway was defective “by nonconclusory reference to specific, currently applicable safety standards or practices” (Contreras v Zabar’s, 293 AD2d 362, 362 [1st Dept 2002]; see Hotaling v City of New York, 55 AD3d 396 [1st Dept 2008], affd 12 NY3d 862 [2009]). Section S-2.2.2.4 of the National Fire Protection Association Life Safety Code (1994) requires that there can be no variation exceeding three sixteenths of an inch “in the depth of adjacent treads or in the height of adjacent risers and the tolerance between the largest and smallest tread cannot exceed 3/8.” Plaintiffs expert identified the Life Safety Code Handbook as a published authoritative and nationally recognized accepted industry standard for safe staircase construction and maintenance in the field of architecture. When asked if plaintiffs expert was correct in that regard, defendant’s expert replied “yes.”
The trial court’s finding that the 1994 Life Safety Code is applicable because the stairs were renovated in 1996, when defendant constructed a new tile floor directly on top of an existing floor on the second floor landing, which created the height differential in the location where plaintiff lost her balance, is supported by a fair interpretation of the evidence. Defendants’ store manager admitted that the tile was added to the landing after the staircase was originally built and defendant’s exhibit G at trial included an application, filed by defendant on July 19, 1996 with the New York City Department of Buildings, to alter the mezzanine floor. Thus, plaintiffs expert testimony that the one half inch differential caused plaintiff’s fall established a case of negligence against defendant. Concur — Mazzarelli, J.P, Sweeny, Andrias, DeGrasse and Richter, JJ.