■ NDEYE NDIAYE, Respondent-Appellant, v NEP WEST 119TH STREET L.P. et al., Appellants-Respondents. [43 NYS3d 326]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered April 5, 2016, which denied defendants' motion for summary judgment dismissing the complaint and plaintiff's cross motion for an order concluding as a matter of law that defendants' staircase violated the 1916 Building Code requiring an interior staircase to have two handrails, unanimously modified, on the law, defendants' motion granted, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Plaintiff alleges that she lost her balance while attempting to descend interior stairs in defendants' building with a heavy shopping cart, and that the absence of a second handrail on her right side proximately caused her to fall down the steps. She alleged that the stairs were maintained in violation of the 1916 Building Code of the City of New York, which required handrails on both sides of interior stairs.

Defendants established their entitlement to judgment as a matter of law by submitting evidence that there was no defective condition on the stairs (*see Egan v Emerson Assoc., LLC,* 127 AD3d 806 [2d Dept 2015]), and that the building was constructed before 1916 and complied with the requirements of the applicable Tenement House Law, which only required one handrail on staircases like the one at issue (*see Rivera v Bilynn Realty Corp.,* 85 AD3d 518 [1st Dept 2011]; *see also Hotaling v City of New York,* 55 AD3d 396, 397 [1st Dept 2008], *affd* 12 NY3d 862 [2009]).

In opposition, plaintiff submitted evidence that the building underwent alterations in 1931, and argued that as a result, the building was required to comply with the 1916 Code. However, even assuming the alterations would have required the owner to bring the building into compliance with current codes, the 1916 Building Code, by its terms, did not apply to buildings "coming under the provisions of the Tenement House Law" (*Hunter v G. W. H. W. Realty Co., Inc.,* 247 App Div 385, 386 [1st Dept 1936]; *see Erlicht v Boser,* 259 App Div 269, 270 [1st Dept 1940]). The applicable building code in effect at the time of the renovations was New York Multiple Dwelling Law § 52, which superseded the Tenement House Law and also did not require two handrails (*see Adler v Deegan,* 251 NY 467, 470-471 [1929]; *Erlicht v Boser,* 259 App Div at 270). Plaintiff's submission of the certificate of occupancy issued after the 1931 alterations supports defendants' position that the stairs complied with all applicable regulations (*see Hyman v Queens County Bancorp,* 307 AD2d 984, 986 [2d Dept 2003], *affd* 3 NY3d 743 [2004]). Concur—Sweeny, J.P., Renwick, Richter, Manzanet-Daniels and Kapnick, JJ.