■ PAUL VISELLI et al., Appellants, v THE RIVERBAY CORPORATION, Respondent. [63 NYS3d 240]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, J.), entered January 6, 2016, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff firefighter, while responding with other firefighters to an apartment fire on the fifth floor in defendant's residential apartment building, allegedly slipped, fell and was injured on an unknown "wet" substance upon the painted concrete stairs of an internal, common stairwell. Defendant established prima facie entitlement to summary judgment dismissing plaintiffs' claims for common law negligence, as well as under General Municipal Law § 205-a. Its deposition testimony, supporting affidavits, exhibits and expert opinion established, inter alia, that the alleged substance on which plaintiff slipped remained unidentified, its duration on the steps undetermined, and the cement stairs on which it rested had been painted with a specified non-skid paint that possessed a measured slip-resistance coefficient of between 0.550 and 0.625 (*Lopez-Ramos v New York City Hous. Auth.*, 136 AD3d 504 [1st Dept 2016]; *Sims v 3349 Hull Ave. Realty Co. LLC*, 106 AD3d 466 [1st Dept 2013]). According to a submitted professional engineering publication, the above-noted slip-resistance coefficient afforded a standard, non-hazardous traction surface. Further, to the extent plaintiff alleged the subject staircase was unsafe and violated, inter alia, Multiple Dwelling Law §§ 52 (1), 78 and Administrative Code of City of NY § 28-301.1 because it had only one handrail and the defendant owner otherwise failed to maintain the premises in a safe condition, defendant's submission of a certificate of occupancy which indicated that the building was in compliance with all applicable statutes, codes and ordinances shifted the burden on the motion to plaintiffs to offer evidence as might raise triable issues on the claims asserted (*see generally Hyman v Queens County Bancorp*, 307 AD2d 984, 985-986 [2d Dept 2003], *affd* 3 NY3d 743 [2004]; *Ndiaye v NEP W. 119th St. L.P.*, 145 AD3d 564 [1st Dept 2016]). Plaintiffs' submissions, including an expert affidavit that afforded no basis on which to find the expert possessed personal knowledge of the width of the subject staircase, or of the traction coefficient of the painted steps, and who offered no other competent, non-hearsay proof in support of his opinions, were insufficient to raise triable issues as to any of the claims asserted in the complaint (*see generally Gibbs v 3220 Netherland Owners Corp.*, 99 AD3d 621 [1st Dept 2012]; *Oboler v City of New York*, 31 AD3d 308 [1st Dept 2006], *affd* 8 NY3d 888 [2007]; *Pastabar Caffe Corp. v 343 E. 8th St. Assoc., LLC*, 147 AD3d 583 [1st Dept 2017]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Manzanet-Daniels, J.P., Andrias, Gische, Kern and Singh, JJ.