DeCarbo v Omonia Realty Corp. (2020 NY Slip Op 01555)





DeCarbo v Omonia Realty Corp.


2020 NY Slip Op 01555


Decided on March 5, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 5, 2020

Richter, J.P., Oing, Moulton, González, JJ.


11205 25702/17E

[*1] Vanessa DeCarbo, Plaintiff-Respondent,
v
Omonia Realty Corp., et al., Defendants-Appellants.


Rebore Thorpe & Pisarello, Farmingdale (Michelle S. Russo of counsel), for appellants.
Alexander J. Wulwick, New York, for respondent.



Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about July 2, 2019, which, insofar as appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the cause of action alleging negligent ownership, management and maintenance of the premises, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.
Defendants established their entitlement to judgment as a matter of law in this action where plaintiff was injured when, while descending interior stairs in defendants' building, she slipped and fell on a marble step that had a worn tread. A worn marble tread, without more, is not an actionable defect (see Sims v 3349 Hull Ave. Realty Co. LLC, 106 AD3d 466 [1st Dept 2013]; Savio v Rose Flower Chinese Rest., Inc., 103 AD3d 575 [1st Dept 2013]).
In opposition, plaintiff failed to raise a triable issue of fact. Having abandoned her claim that defendants were negligent in keeping the stairs free of moisture, plaintiff cannot now argue that the existence of moisture on the stairs would be an actionable condition. Nor did plaintiff's experts establish that in addition to the worn marble stair treads, they lacked adequate slip resistance, as the coefficient of friction value that the experts used as a standard value was not shown to be an accepted industry standard (see e.g. Clarke v Verizon N.Y., Inc., 138 AD3d 505, 506 [1st Dept 2016], lv denied 28 NY3d 906 [2016]; Jenkins v New York City Hous. Auth., 11 AD3d 358, 360 [1st Dept 2004]). Nor did the experts' affidavits raise a triable issue of fact, since the opinions concerning the cause of plaintiff's slip were speculative (see Sarmiento v C & E Assoc., 40 AD3d 524, 526-527 [1st Dept 2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 5, 2020
CLERK