Wong v 15 Monroe Realty Inc. (2021 NY Slip Op 03131)





Wong v 15 Monroe Realty Inc.


2021 NY Slip Op 03131


Decided on May 13, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 13, 2021

Before: Renwick, J.P., Manzanet-Daniels, Kennedy, Shulman, JJ. 


Index No. 155564/18 Appeal No. 13837 Case No. 2021-00162 

[*1]Tai Wong, Plaintiff-Appellant,
v
15 Monroe Realty Inc., Defendant-Respondent.


Krenstel Guzman Herbert, LLP, New York (Marcia K. Raicus of counsel), for appellant.
Gannon Rosenfarb & Drossman, New York (Lisa L. Gokhulsingh of counsel), for respondent.



Order, Supreme Court, New York County (Louis L. Nock, J.), entered August 4, 2020, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant established prima facie that it was not liable for the injuries plaintiff sustained in falling down stairs by submitting plaintiff's testimony that his foot slipped because of the smoothness of the step (see DeCarbo v Omonia Realty Corp., 181 AD3d 438, 438 [1st Dept 2020] ["A worn marble tread, without more, is not an actionable defect"]; Richards v Kahn's Realty Corp., 114 AD3d 475 [1st Dept 2014]). Plaintiff testified that there was no debris, liquid, or anything else on the step that caused him to slip.
In opposition, plaintiff failed to raise an issue of fact. His expert's unaffirmed report is speculative, as the expert did not personally inspect the step at issue but merely examined undated, unauthenticated photographs of it (see Garcia-Rosales v 370 Seventh Ave. Assoc., LLC, 88 AD3d 464, 465 [1st Dept 2011]). The expert's opinion that the cause of plaintiff's fall was the worn condition of the center of the step, along with inadequate lighting, is also speculative because plaintiff was unable to identify the part of the step on which his foot slipped (see Lee v Port Chester Costco Wholesale, 82 AD3d 842, 843 [2d Dept 2011]), and he never testified that poor lighting contributed to his fall. The expert's opinion that defendant violated certain provisions of the Multiple Dwelling Law is not properly considered, because plaintiff raised no such claims in his bill of particulars (see Gonzalez v Mount Vernon Neighborhood Health Ctr., Inc. 135 AD3d 618 [1st Dept 2016]). In any event, the record evidence shows that those provisions are inapplicable (see id.).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2021