Maroonick v Rae Realty, LLC (2022 NY Slip Op 02952)

Maroonick v Rae Realty, LLC

2022 NY Slip Op 02952

Decided on May 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 03, 2022

Before: Manzanet-Daniels, J.P., Gesmer, Moulton, Mendez, Higgitt, JJ. 

Index No. 152197/17 Appeal No. 15864 Case No. 2021-03164 

[*1]Josephine Maroonick, Plaintiff-Respondent-Appellant,
v
Rae Realty, LLC et al., Defendants-Appellants-Respondents.

Rebore Thorpe & Pisarello, Farmingdale (Michelle S. Russo of counsel), for appellants-respondents.
Law Offices of Alan A. Tarzy, New York (Alan A. Tarzy of counsel), for respondents-appellants.

Order, Supreme Court, New York County (David Benjamin Cohen, J.), entered March 11, 2021, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment as to liability and denied defendants' cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff failed to establish her prima facie entitlement to summary judgment based on the doctrine of res ipsa loquitur, as the accident — the collapse of plaintiff's living room ceiling while she was watching a movie — does not present a situation in which "the plaintiff's circumstantial proof is so convincing and the defendant's response so weak that the inference of defendant's negligence is inescapable" (Tora v GVP AG, 31 AD3d 341, 342 [1st Dept 2006]). Accordingly, this case is not one of the rare instances in which summary judgment as to liability may be granted as a matter of law based on application of the doctrine (see Barney-Yeboah v Metro-N. Commuter R.R., 120 AD3d 1023, 1023-24 [1st Dept 2014], revd 25 NY3d 945 [2015]; Morejon v Rais Constr. Co., 7 NY3d 203, 209 [2006]).
However, plaintiff may rely on res ipsa loquitur to create a permissible inference of negligence that may be accepted by the finder of fact, because she has established the elements of the doctrine — namely, the accident is not the type that would occur in the absence of someone's negligence, defendants had exclusive control of the building's structure, and plaintiff herself did not contribute to the accident (and indeed, defendants do not contend that she did) (see Dermatossian v New York City Tr. Auth., 67 NY2d 219, 226 [1986]; Mejia v New York City Tr. Auth., 291 AD2d 225, 227 [1st Dept 2002]). Additionally, even assuming the absence of any evidence that defendants had actual or constructive notice of the alleged defect, the absence of that evidence is not fatal to plaintiff's claim, because notice is inferred when res ipsa loquitur applies to the accident (see Valdez v Upper Creston, LLC, 201 AD3d 560, 561 [1st Dept 2022]; Mejia v Delgado, 160 AD3d 588, 588 [1st Dept 2018]).
As to the cross motion for summary judgment dismissing the complaint, defendants failed to establish their prima facie entitlement to that relief. Although there is evidence that the ceiling was not maintained while plaintiff lived in the apartment and that there had been leaks from other apartments, neither party has provided an explanation of why the ceiling collapsed. Further, issues of fact exist on plaintiff's common-law negligence claim as to whether constructive notice of a latent defect in the ceiling may be imputed to defendants because they did not have a program in place for inspecting the ceiling before it collapsed and the ceiling was not inspected for many decades before the accident (see Bentley v All-Star, Inc., 179 AD3d 618, 618-619 [1st Dept 2020], lv denied 35 NY3d 971 [2020] Stubbs v 350 E. Fordham Rd., LLC, 117 AD3d 642, 643-644 [1st Dept 2014[*2]]; Sanders v Morris Hgts. Mews Assoc., 69 AD3d 432, 433 [1st Dept 2010]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 3, 2022