James v Chestnut Holdings of N.Y., Inc. (2024 NY Slip Op 06656)

James v Chestnut Holdings of N.Y., Inc.

2024 NY Slip Op 06656

Decided on December 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 31, 2024

Before: Webber, J.P., Moulton, Friedman, Mendez, Shulman, JJ. 

Index No. 34375/18 Appeal No. 3341 Case No. 2024-01561 

[*1]Vanessa James, Respondent,
v
Chestnut Holdings of New York, Inc., Defendant, Marion 2630 LLC, Appellant.

Gallo Vitucci Klar LLP, New York (Sara R. David of counsel), for appellant.
Mischel & Horn, P.C., New York (Ross S. Friscia of counsel), for respondent.

Order, Supreme Court, Bronx County (Andrew J. Cohen, J.), entered March 25, 2024, which, to the extent appealed from, denied defendant Marion 2630 LLC's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.
Marion demonstrated prima facie that the worn marble tread depicted in the photographs taken by plaintiff is not an actionable defect (see DeCarbo v Omonia Realty Corp., 181 AD3d 438 [1st Dept 2020]; Reyes v 83 Post Ave. Assoc., L.L.C., 168 AD3d 607, 607 [1st Dept 2019], lv denied 33 NY3d 905 [2019]). Plaintiff and Marion's superintendent testified that the photographs taken by plaintiff accurately reflected the condition of the stair on the day of the accident, and there is no claim that the stair was wet, slippery, or covered with debris. Moreover, Marion's expert opined that the accident could not have occurred as plaintiff described because when she fell, her left foot was in the middle of the tread rather than on the right-hand side where the worn condition she cited was located.
Marion also demonstrated that it did not have actual or constructive notice of a defective condition on the stair in that the superintendent testified that there were no complaints and no violations had been issued with respect to the stair. He stated that he swept the stairs five days and mopped three days a week, and that the photographs accurately depicted the condition of the stair on the day of the accident. Plaintiff's complaints to the prior superintendent about the general condition of the stairs was insufficient to constitute notice of the specific condition cited by plaintiff as the cause of her fall (see Piacquadio v Recine Realty Corp., 84 NY2d 967, 969 [1994]).
In opposition, plaintiff failed to raise a triable issue of fact as to Marion's negligence. The opinion of her expert cited numerous dangerous conditions on the stairs and in the stairway, but plaintiff did not cite any of them as a proximate cause of her accident (see Reyes, 168 AD3d at 607-608).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 31, 2024