Hernandez v 207 E. 14th St. Realty Corp. (2025 NY Slip Op 01168)

Hernandez v 207 E. 14th St. Realty Corp.

2025 NY Slip Op 01168

Decided on February 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2025

Before: Moulton, J.P., Gesmer, Mendez, Higgitt, O'Neill Levy, JJ. 

Index No. 152237/20|Appeal No. 3773|Case No. 2024-02262|

[*1]Ana Hernandez, Plaintiff-Respondent,
v
207 East 14th Street Realty Corp., Defendant-Appellant.

Ryan & Conlon, LLP, New York (William F. Ryan of counsel), for appellant.
The Altman Law Firm, PLLC, Woodmere (Michael T. Altman of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about March 27, 2024, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
In this action involving a slip and fall on the interior marble stairs of a building, the motion court properly found that defendant owner established prima facie entitlement to summary judgment dismissing the complaint. Defendant's expert opined that the third step on which plaintiff fell was sufficiently slip-resistant to pass the minimal American National Standard Institute test standards (see Coyle v Dos-Santos, 231 AD3d 573, 574 [1st Dept 2024]). Defendant also established that no complaints were made to it regarding the step in question, and defendant's principal testified that no work had been done to the stairs in the years since he purchased the apartment building in 1981 (see Reyes v 83 Post Ave. Assoc., L.L.C., 168 AD3d 607, 607 [1st Dept 2019], lv denied 33 NY3d 905 [2019]).
In opposition, plaintiff's expert's affidavit set forth the testing methods and industry standards he had employed to determine the dynamic coefficient of friction of the marble on which plaintiff fell. That test yielded a below-standard result from which the expert concluded that the step presented a slipping hazard. The conflicting expert opinions, which were both founded upon empirical evidence, raised triable issues as to whether the third step constituted a slipping hazard (see Vosper v Fives 160th, LLC, 110 AD3d 544, 545 [1st Dept 2013]). Furthermore, plaintiff's testimony that work had been done on the stairs two months prior to the accident, along with photographic evidence that showed the third step to be much brighter and cleaner in appearance than the other marble steps around it, raised a triable issue as to whether defendant created a hazardous condition (see Rivera v 2732 Bainbridge Assoc., L.L.C., 170 AD3d 411, 412 [1st Dept 2019]).
Defendant's expert's testimony established, prima facie, that the stairwell's handrail was in conformity with the applicable Tenement House Law, which did not require more than one handrail (see Rubin v Trustees of Columbia Univ. in the City of N.Y., 212 AD3d 544, 545 [1st Dept 2023]; Ndiaye v NEP W. 119th St. L.P., 145 AD3d 564, 565 [1st Dept 2016]; see also Rivera v Bilynn Realty Corp., 85 AD3d 518, 518 [1st Dept 2011]). Plaintiff's belated reliance upon handrail provisions under the New York City Building Code (among others) in support of a claim that the stairway's lone handrail was not adequately extended beyond the last step is a new theory of liability improperly raised for the first time in opposition to defendant's motion (see Silber v Sullivan Props., L.P., 182 AD3d 512, 513 [1st Dept 2020]). Moreover, plaintiff failed to show that the cited stairway provisions were applicable to defendant's building, which, according to its certificate of occupancy, was constructed at a time that would make it subject [*2]to the Tenement House Law (see e.g. Rubin 212 AD3d at 545).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 27, 2025